PEOPLE *v*. BURT.

1. ARREST—INTOXICATION IN PUBLIC PLACE.
   An officer has a right to arrest without a warrant a person intoxicated in a public place.

2. INTOXICATING LIQUORS — ILLEGAL POSSESSION — EVIDENCE PROCURED BY SEARCH OF DEFENDANT'S ·PERSON AFTER LAWFUL ARREST ADMISSIBLE.
   In a prosecution for the illegal possession of intoxicating liquors, the liquor found on his person after his lawful arrest for intoxication was admissible in evidence, although procured without a search warrant, since his lawful arrest rendered the search of his person lawful without a search warrant.

Exceptions before judgment from Hillsdale; Chester (Guy M.), J.    Submitted June 14, 1923.    (Docket No. 104.)    Decided July 19, 1923.

Bertie Burt was convicted of violating the liquor law.    Affirmed.

*Paul W. Chase,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *W. D. Grommon,* Prosecuting Attorney, for the people.

MOORE, J.    This case is here on exceptions before sentence.    The defendant was convicted of having in his possession intoxicating liquors in violation of the statute.    The defendant offered no testimony.    The facts are not in dispute.    Mr. Barron, a deputy sheriff in Hillsdale county, saw the defendant in a state of intoxication in a public place, and, after conferring with the sheriff, with the aid of another deputy sheriff arrested the defendant and conveyed him to

On necessity of warrant for search of one arrested for intoxication, see note in, 13 A. L. R. 1317.

the county jail. Upon their arrival at the jail they found on the person of the defendant one full quart bottle of liquor and two pint bottles with a little intoxicating liquor in them, which upon analysis proved to contain about 33 per cent. of alcohol. The officers had no warrant when the arrest was made, and no search warrant when the search was made. No charge was laid against defendant for being intoxicated.

There are several assignments of error argued but they all hinge upon the question of whether the liquor obtained in the manner indicated could be used against defendant. It is the claim of defendant that in doing this the constitutional rights of the defendant were invaded. When the officer saw the defendant in a public place while in a state of intoxication he had a right to arrest him without a warrant. After the defendant was placed under arrest he might be legally searched without a search warrant. The case is within the principles of law stated in *People* v. *Chyc*, 219 Mich. 273.

The conviction is affirmed, and the case remanded for further proceedings.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.