## PEOPLE *v.* GANT.

1. SEARCHES AND SEIZURES—CRIMINAL LAW—EVIDENCE.
   Anything seized by way of evidence as the fruits of an illegal search would be inadmissible in a criminal trial of the person so searched.

2. SAME—PROBABLE CAUSE—ARREST—ARMED ROBBERY.
   Search of defendant which revealed a concealed weapon after police officers stopped defendant who was driving a car which fitted the description of a car used in an armed robbery *held,* proper, inasmuch as there was probable cause to arrest the defendant on the reported felony (CL 1948, § 750.89).

3. CRIMINAL LAW—UNDUE DELAY—MAGISTRATE.
   Defendant's contention that there was undue delay in bringing him before a magistrate where he was arrested on a Sunday evening, warrant was issued on Monday and he was arraigned on Tuesday, *held,* without merit, as the time involved does not seem undue, and defendant does not show that such delay prejudiced his rights or exerted some elements of unfairness against him.

4. SAME—GUILTY PLEA—WAIVER OF DEFECTS—DELAY IN BRINGING DEFENDANT BEFORE A MAGISTRATE.
   Defendant's guilty plea in a criminal case waives any defect that there may have been in the prior proceedings, such as undue delay in bringing him before a magistrate, absent some showing of prejudice to defendant's rights or some element of unfairness operating against him.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur, Evidence §§ 393–395.
[2] 47 Am Jur, Searches and Seizures §§ 18, 53.
   5 Am Jur 2d, Arrest § 73.
   Search of occupant of motor vehicle without warrant. **92 L ed** 221.
[3] 5 Am Jur 2d, Arrest §§ 76, 77.
[4] 21 Am Jur 2d, Criminal Law § 446.
[5] 20 Am Jur, Evidence §§ 498, 503, 561.
[6] 21 Am Jur 2d, Criminal Law § 485 *et seq.*
[7] 21 Am Jur 2d, Criminal Law § 527 *et seq.*

5. SAME—APPOINTMENT OF COUNSEL—INTERROGATION—PROSPECTIVE
APPLICATION.

Requirements of recent decision by the Supreme Court of the
United States that indigent defendants in criminal cases are
entitled to appointed counsel during interrogation by the police
regardless of whether or not counsel was requested and re-
quiring a showing that the accused was advised of his rights
to counsel before interrogation has application only to trials
begun after June 13, 1966.

6. SAME—ASSAULT WITH INTENT TO ROB AND STEAL—GUILTY PLEA—
PROMISE OF PROBATION.

Contention of defendant convicted of crime of assault with intent
to rob and steal while armed following pleas of guilty that
his plea was induced by a promise of probation by his attorney
*held,* not supported by the record (CL 1948, § 750.89).

7. SAME—ASSAULT WITH INTENT TO ROB AND STEAL WHILE ARMED—
EXPLANATION OF SENTENCE.

Refusal of trial judge, after delivery of sentence, to explain
sentence to defendant in prosecution for assault with intent
to rob and steal while armed *held,* not to be an infringement of
defendant's rights (CL 1948, § 750.89).

Appeal from Genesee; Parker (Donn D.), J. Sub-
mitted Division 2 May 31, 1966, at Lansing. (Docket
No. 989.) Decided October 25, 1966. Leave to ap-
peal denied by Supreme Court January 19, 1967.
See 378 Mich 748.

James Gant, Jr., was convicted of assault with
intent to rob and steal while armed. Defendant ap-
peals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Edward G. Henneke,* As-
sistant Prosecuting Attorney, for the people.

*John B. Pruchnicki,* for defendant.

T. G. KAVANAGH, J. At 10:30 p.m. on Sunday,
November 15, 1964, two Flint police officers observed
the defendant driving a car which fitted the descrip-

tion of a car used in an armed robbery according to the report which they had of the robbery. Upon stopping the defendant they searched him and found a gun. The defendant was arrested and interrogated but he denied participation in the robbery. He was identified at a police lineup on Monday, November 16, 1964, and a complaint was signed and a warrant issued charging him with armed robbery. The defendant was arraigned on the warrant on Tuesday, November 17, 1964.

Counsel was appointed and examination set for November 25, 1964. On November 24, 1964, on advice of counsel, defendant waived examination and was bound over for trial. Upon arraignment on the information for armed robbery,[1] defendant stood mute and waived the reading of the information upon the advice of counsel. The information was amended to include the charge of assault with intent to rob and steal while armed.[2] Whereupon the defendant changed his plea and pleaded guilty to the added count, and was sentenced.

The appeal makes six assertions of error: 1. The search and seizure were improper and in violation of his constitutional rights. 2. There was undue delay in bringing him before a magistrate. 3. The questioning by police officers after his arrest violated his rights regarding self-incrimination. 4. He was not advised of his right to counsel before interrogation. 5. His plea was induced by a promise by his attorney that he would be placed on probation. 6. The sentence was not explained to the appellant.

The allegation of error in regard to the search and seizure is not well founded. If there had been an illegal search anything seized by way of evidence, "the fruits" of such violation of defendant's constitutional rights, would be inadmissible in the trial.

---

[1] CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).
[2] CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284).

*Mapp* v. *Ohio* (1961), 367 US 643 (81 S Ct 1684, 6
L ed 2d 1081, 84 ALR 2d 933), and a conviction
based thereon would have to be set aside. However,
in this case the search was proper inasmuch as there
was probable cause to arrest the defendant on the
reported felony.

The attendant search was in accordance with the
authority of CL 1948, § 764.15 (Stat Ann 1954 Rev
§ 28.874); *People* v. *Burt* (1923), 224 Mich 171 and
*People* v. *Orlando* (1943), 305 Mich 686.

The charge that the delay in bringing the defend-
ant before a magistrate was "undue" seems fatuous.
He was arrested Sunday evening, the warrant issued
on Monday and he was arraigned on Tuesday. Even
if this brief period be regarded as "undue delay"
we would have to be shown some prejudice to the
defendant's rights or some element of unfairness
operating against him to base a finding of reversible
error in this regard. Here there is no such showing.
Absent such, his guilty plea waived any defect there
may have been in the prior proceedings. *People* v.
*Jury* (1930), 252 Mich 488; *People* v. *Tate* (1946),
315 Mich 76; *People* v. *Quicksall* (1948), 322 Mich
351.

The third and fourth allegations of error go to
the same constitutional point, viz: the right to coun-
sel. The United States Supreme Court has spelled
out with some particularity the right to have counsel
even during interrogation by the police. We held in
*People* v. *Hoffman* (1965), 1 Mich App 557, that
*Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct
1758, 12 L ed 2d 977) required a request for and
denial of counsel. This concept has apparently been
broadened by *Miranda* v. *Arizona* (1966), 384 US
436 (86 S Ct 1602, 16 L ed 2d 694, 10 ALR3d 974), to
require a positive showing that the accused was ad-
vised of his right to counsel before interrogation.
The doctrine as it now stands has application only

to trials begun after June 13, 1966, however, and accordingly we view this case as it stood at the time of defendant's arrest November 15, 1964.

The fifth allegation of error is that his plea was induced by a promise of probation by his attorney. The record shows that the attorney stated at the time the plea was offered that he had explained to the defendant that neither he, the court nor the prosecutor could promise him anything, and the defendant affirmed this. The transcript also shows that the court asked: "Has anyone made you any promise of favor or leniency to secure the plea?" and the respondent answered: "No, sir." No reason appears from the record to indicate that his later recollection is to be more highly regarded than his first.

Last, the defendant asserts that the sentence was not properly explained to him. If this be true we are cited to no authority indicating this was error.

The transcript indicates that when the court had pronounced the sentence the defendant asked him to repeat it. The court did not do so. Assuming that this was a deliberate refusal on the part of the court rather than a failure to hear the question, we find no infringement on the defendant's rights.

Affirmed.

Lesinski, C. J., and McGregor, J., concurred.