PEOPLE v. PLEDGER

1. Criminal Law—Constitutional Law—Court Rules—Plea of Guilty.

Constitutional rights of defendant were fully protected where the record showed that at the time of his arraignment and sentencing he had an attorney, that the trial judge had informed defendant of his right to a jury trial, if he wished, and defendant waived that right, had informed defendant of the nature of the accusation against him and the consequences of a guilty plea, had questioned defendant regarding whether he was pleading guilty upon advice of counsel, and whether such plea was freely, voluntarily, and understandingly made, without force, compulsion, threats, or promises of leniency, and the defendant and his co-defendant readily admitted participation in the armed robbery with which they were charged (GCR 1963, 785.3[1], [2]).

2. Appeal and Error—Criminal Law—Court Rules—Plea of Guilty—Voluntariness.

The Court of Appeals will not disturb a trial judge's finding that a defendant's guilty plea was free and voluntary where the record is barren of any evidence that defendant's guilty plea was induced by undue influence, compulsion, duress, or promises of leniency (GCR 1963, 785.3[2]).

Appeal from Recorder's Court of Detroit, John A. Ricca, J. Submitted Division 1 November 4, 1969, at Detroit. (Docket No. 4,569.) Decided December 3, 1969. Leave to appeal denied July 1, 1970. See 383 Mich 800.

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 219, 487–492.
[2] 5 Am Jur 2d, Appeal and Error §§ 609, 867.

George Pledger was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Norman J. Grubbs,* for defendant on appeal.

Before: Lesinski, C. J., and Holbrook and Quinn, JJ.

Per Curiam. On August 3, 1965, defendant was arrested without a warrant for the crime of robbery armed. On August 11, 1965, he was arraigned on that charge in recorder's court for the city of Detroit. While he was still in custody, the present offense was charged and a complaint and warrant issued out of the recorder's court for the city of Detroit on the 11th day of August, 1965, charging the crime of assault with intent to rob being armed. MCLA 750.89 (Stat Ann 1962 Rev § 28.284). Assigned counsel entered his appearance on September 3, 1965. On October 12, 1965, defendant, with his attorney present in court, pled guilty. He now appeals alleging that the trial court committed error in accepting his guilty plea because he was in police custody for eight days before a warrant was issued and the court failed to inquire as to whether, during this period, his constitutional rights had been protected.

GCR 1963, 785.3(2), as amended in 1967, states as follows:

"(2) Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court

shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

The record discloses that defendant, represented by counsel, was examined by the trial court, prior to acceptance of his plea, and questioned as follows:

"*The Court:* You plead guilty freely and voluntarily?

"*Defendant Pledger:* I do.

"*The Court:* No one forced you to plead guilty?

"*Defendant Pledger:* No.

"*The Court:* No one threatened you in any way?

"*Defendant Pledger:* No.

"*The Court:* No one made you any promises?

"*Defendant Pledger:* No.

"*The Court:* You plead guilty after having talked the entire matter over with Mr. Beauchamp and after receiving his advice, is that right?

"*Defendant Pledger:* I did.

"*The Court:* And he told you the maximum penalty for the crime is life?

"*Defendant Pledger:* Yes, he did.

"*The Court:* He's also told you that you have a constitutional right to a trial by jury, you wish to waive that right and plead guilty before me, is that correct?

"*Defendant Pledger:* Correct.

"*The Court:* You plead guilty because you are guilty?

"*Defendant Pledger:* Correct.

"*The Court:* The court will accept your plea."

At the time of arraignment the co-defendants, Joseph Lee Triplett and George Pledger were questioned together. The record discloses the following:

*"The Court:* Very well now, I want to tell you that if you plead guilty freely and voluntarily, the Court will accept your plea. But, first, I want to tell you—I want you to tell me just what happened on the 16th of April. I want Joseph Triplett to talk.

*"Defendant Triplett:* I am not sure of the corresponding date, if this is what it is, which I believe it is. George and myself, we robbed a party store on 14th and Philadelphia.

*"The Court:* That's a basement store, is that right?

*"The Defendant:* Yes, you enter it from the basement. And I imagine there were about 16 or 17 proprietors [*sic*] in there at the time.

*"The Court:* What did you do after you got in there?

*"Defendant Triplett:* I pulled a revolver, .32 revolver. Demanded money from the owner. I pushed him against the cash register. When he was getting up to give me the money, the gun discharged in my hand.

*"The Court:* Did you take money from the cash register?

*"Defendant Triplett:* No, I didn't, he did.

*"The Court:* Who did, the man?

*"Defendant Triplett:* Yes.

*"The Court:* What happened to the money?

*"Defendant Triplett:* It was spent.

*"The Court:* What?

*"Defendant Triplett:* It was spent.

*"The Court:* Did you get it?

*"Defendant Triplett:* Yes, he handed it to me.

*"The Court:* He handed it to you?

*"Defendant Triplett:* Yes. And then after that, we left. Fled the store.

"*The Court:* Very well. Now, Mr. George Pledger, you tell me what you did there?

"*Defendant Pledger:* I was at the door, you know, keep the people from entering and going out.

"*The Court:* In other words, you were a look-out?

"*Defendant Pledger:* Yes.

"*The Court:* What did you do?

"*Defendant Pledger:* I was just look-out, that is all.

"*The Court:* Did you get any of the money?

"*Defendant Pledger:* Oh, yes, we split it.

"*The Court:* You split it. Was it your intention when you went in there to rob this man?

"*Defendant Pledger:* Yes.

"*The Court:* Very well, that was the same place that your co-defendant here told me about on Philadelphia, this basement store?

"*Defendant Pledger:* Yes."

We rule that the trial court complied fully with the court rule and that the defendant's constitutional rights were fully protected. *People* v. *Daniels* (1966), 2 Mich App 395; *People* v. *Collins* (1967), 7 Mich App 421; *People* v. *Carl* (1968), 11 Mich App 226; *People* v. *Byrd* (1968), 12 Mich App 186; *People* v. *Harris* (1968), 11 Mich App 394.

The defendant, on this appeal, for the first time asserts that he gave a confession while in custody. He does not show in any manner that the confession was illegally obtained. The trial judge having satisfied himself that the plea was free and voluntary we find no reason to disturb it. *People* v. *Gant* (1966), 4 Mich App 671; *People* v. *Steele* (1966), 4 Mich App 352. The record in the case lacks any evidence that the defendant's guilty plea was induced by undue influence, compulsion, duress or promises of leniency.

Affirmed.