PEOPLE v. PETERSON

1. CRIMINAL LAW—SENTENCING—FACTORS—CRIMINAL RECORD.
    The trial judge may consider the defendant's prior criminal record in determining the defendant's sentence (MCLA § 771.14).

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—PROMISE OF LENIENCY.
    The defendant's plea of guilty was not involuntary even though the defendant contended on appeal that his attorney promised him leniency where, at the time he entered his plea, the defendant assured the court that his plea was voluntary and that he had not been promised leniency by anyone.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 December 15, 1970, at Lansing. (Docket No. 8771.)   Decided January 27, 1971.

Duane Peterson was convicted, on his plea of guilty, of breaking and entering with the intent to commit a felony.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

Duane Peterson, *in propria persona.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 585.
    Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant.   96 ALR2d 768.
[2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: Bronson, P. J., and R. B. Burns and Hoff,* JJ.

Per Curiam. On January 8, 1968, defendant, while represented by counsel, pled guilty to the charge of breaking and entering with intent to commit a felony. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). On February 1, 1968, defendant was sentenced to a term of 8 to 10 years imprisonment. Defendant appeals from the denial of his motion to vacate the sentence, withdraw the plea, and order a new trial.

Defendant raises two issues on appeal. First, it is contended that the trial court committed reversible error by failing to permit defendant, or his counsel, to examine the pre-sentence report. Secondly, it is contended that the trial court committed prejudicial error by accepting defendant's plea of guilty.

As to the first issue, this Court has ruled previously on the issue of defendant's right to review the pre-sentence report. *People* v. *Camak* (1967), 5 Mich App 655. The record in this case fails to disclose any request by defendant or his counsel to examine the pre-sentence report. *People* v. *Camak, supra; People* v. *Charles Williams* (1969), 19 Mich App 544.

It is well settled that the trial judge may consider defendant's prior criminal record and other additional factors in determining sentence. MCLA § 771.14 (Stat Ann 1954 Rev § 28.1144); *People* v. *Charles Williams, supra; People* v. *Camak, supra.*

As to the second assignment of error, defendant contends that his plea was induced by his attorney's promise that the court would be lenient. Upon

---

* Circuit judge, sitting on the Court of Appeals by assignment.

entering the plea, the defendant assured the court that his plea was voluntary and that he had not been promised leniency by anyone. The record discloses nothing to persuade this Court that defendant's present assertion that the plea was induced by promises of leniency should be considered more accurate than his original recollection. *People* v. *Gant* (1966), 4 Mich App 671, 675.

Judgment affirmed.