PEOPLE *v.* INOSENCIO

1. Criminal Law—Plea of Guilty—Court's Offer to Proceed to Trial.

    Plea of guilty to second-degree murder was properly accepted even though, on the day set for sentencing, the defendant stated to the court that he had pled guilty because he was unable to obtain a fair trial or adequate representation from his retained attorneys where the court extended three opportunities to the defendant to withdraw the plea and to proceed to trial and the defendant refused each offer.

2. Criminal Law—Plea of Guilty—Voluntariness.

    A defendant may be held to his unequivocal on-the-record statements that his plea of guilty was voluntary, without threats, or promise, or undue influence, and free from any pressure, notwithstanding his later allegations to the contrary.

3. Criminal Law—Plea of Guilty—Promises of Leniency.

    An allegation of promises of leniency made to induce a guilty plea is without merit where the defendant was advised of the maximum penalty and that the court could impose a penalty within the statutory maximum.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 June 10, 1971, at Lansing. (Docket No. 9828.) Decided July 26, 1971.

John Julio Inosencio was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Sco-*

Reference for Points in Headnotes

[1–3] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

*deller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*John A. Shrank,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and DANHOF, JJ.

LESINSKI, C. J.    Defendant pleaded guilty to murder in the second degree, MCLA § 750.317 (Stat Ann 1962 Rev § 28.549).    Defendant appeals as of right.    Defendant assigns as error two questions, each of which will be considered in turn.

After defendant entered his guilty plea to the second-degree murder charge, the plea was accepted by the trial court and a day was set for sentencing. On that date, defendant appeared before the court and stated that his reasons for pleading guilty were that he was unable to obtain a fair trial or adequate representation from his retained attorneys.    After listening to this statement, the court then asked defendant whether he wished to withdraw his plea. At three different points in the proceedings, defendant expressed his desire to stand with his original plea of guilty.

It is our opinion that the trial court exhibited scrupulous fairness in this cause.    After hearing defendant's complaints about his inability to obtain a fair trial and adequate representation by his attorneys, the trial court extended an opportunity to defendant to withdraw his plea and to proceed to trial.    Defendant declined to do so.    We find no error on this score.

Next, defendant maintains that his plea was induced by promises made to him by the police and the

prosecution.[1] However, on five occasions prior to acceptance of the plea, the court inquired of defendant whether his plea was being made without promises of any kind, without threats, without undue influence, and free from any pressure. At each time, defendant indicated that his plea was being made voluntarily. When defendant unequivocally states on the record that no promises, inducements, coercion, or other undue influences have been offered to him or brought to bear upon him, he may be held to his on-the-record denial of such improper pressures, notwithstanding his later allegations. *People* v. *Gant* (1966), 4 Mich App 671; *People* v. *Pledger* (1969), 20 Mich App 314; *People* v. *Drain* (1970), 24 Mich App 249; *People* v. *Peterson* (1971), 30 Mich App 215. Indeed, where the defendant is advised of the maximum penalty and that the court may impose a penalty within the statutory maximum, as in the situation at bar, defendant's allegations of promises of leniency are without merit. *People* v. *Shaffer* (1966), 4 Mich App 192; *People* v. *Washington* (1970), 23 Mich App 638.

A perusal of the record below reveals an exemplary taking of the guilty plea by the trial court. GCR 1963, 785.3 and *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274), were followed in every detail. On the day of sentencing, the trial court afforded defendant an opportunity to

---

[1] Defendant contends that the police and prosecutor promised to be lenient in their handling of defendant, that he would receive psychiatric help, that an illegal confession was extorted from defendant, and that police officers forceably removed scrapings from underneath his fingernails and samples of his pubic hair. These facts were presented in defendant's attorney's motion to vacate the plea and to proceed to trial. The facts alleged were not presented by sworn affidavit but merely as a litany of grievances cited by defendant's attorney. We treat the allegations as having the weight of unsworn assertions of fact and not as characterized by defendant, *i.e.*, "an uncontroverted offer of proof".

withdraw his plea of guilty. We see no reason whatsoever for the disturbance of this valid plea on appeal.

Affirmed.

All concurred.