PEOPLE v. GODSEY

1. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—MOTION TO VACATE PLEA.

Assertions by a defendant, who pled guilty, made for the first time on appeal that he was deprived of the effective assistance of counsel in the lower court because his attorney contacted him only about four times prior to trial date, never discussed possible defenses with him, told him not to tell the trial court that he was intoxicated when he drove away a motor vehicle belonging to another person, that the court would be more lenient if defendant pled guilty, and that other outstanding charges would be dropped after defendant had pled guilty did not constitute error where defendant filed no motion to stay judgment, to vacate his guilty plea, and to proceed to trial, because the record, devoid of any hearing on the alleged facts, does not show any error.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—DEFENDANT'S STATEMENTS.

A guilty-pleading defendant's unequivocal statements on the record that no promises, inducements, coercion, or other undue influences were offered to him or brought to bear upon him for his plea of guilty are binding upon the defendant, notwithstanding his later allegations that improper pressures had induced his plea of guilty.

3. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—AFFIRMANCE WITHOUT PREJUDICE—MOTION TO VACATE PLEA.

Defendant's conviction on a plea of guilty was affirmed on appeal without prejudice to permit the defendant to file a motion to vacate his plea and to proceed to trial in the lower court where the defendant had alleged for the first time on appeal

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
21 Am Jur 2d, Criminal Law § 484 *et seq.*

that he was deprived of the effective assistance of trial counsel and that he had been induced to plead guilty by improper pressures; the truth of defendant's allegations are properly tested in the lower court.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 June 10, 1971, at Lansing. (Docket No. 10629.) Decided July 29, 1971.

Fred Lynn Godsey was convicted, on his plea of guilty, of unlawfully driving away a motor vehicle of another. Defendant appeals. Affirmed without prejudice to further proceedings in the trial court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Attorney, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Gerald Wigle,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and DANHOF, JJ.

PER CURIAM. Defendant appeals his plea-based conviction of unlawfully driving away of a motor vehicle. MCLA § 750.413 (Stat Ann 1954 Rev § 28.645).

Defendant asserts on appeal that he was not provided with the effective assistance of counsel in the proceedings below. Defendant alleges, for the first time on appeal, that his attorney contacted him only about four times prior to the date of trial. Counsel purportedly told defendant not to tell the court that he was intoxicated at the time of the crime, that the court would be more lenient if defendant pleaded guilty, and that other outstanding charges would

be dropped after defendant pleaded guilty. Furthermore, we are told, defendant's attorney never discussed possible defenses with him.

The problem with the ascertainment of the truth of these assertions, assuming without deciding that they constitute deprivation of effective assistance of counsel, is that they are raised for the first time on appeal in defendant's appeal brief. Defendant filed no motion to stay judgment, to vacate the plea, and to proceed to trial below. As such, no hearing on these alleged facts was ever held. Faced with the record before us, we are unable to find error.

Defendant also contends that, for roughly the same reasons as above, his plea was involuntarily induced. The existing record of the taking of the plea shows the defendant answered in the negative to inquiries by the court as to whether anyone had promised or threatened him into pleading guilty. Defendant also stated on the record that he was submitting his plea freely and voluntarily. When defendant unequivocally states on the record that no promises, inducements, coercion, or other undue influences have been offered to him or brought to bear upon him, he may be held to his on-the-record denial of such improper pressures, notwithstanding his later allegations. *People* v. *Gant* (1966), 4 Mich App 671; *People* v. *Pledger* (1969), 20 Mich App 314; *People* v. *Drain* (1970), 24 Mich App 249; *People* v. *Peterson* (1971), 30 Mich App 215.

Finally, defendant denies that he intelligently waived his right to a trial by jury. This contention is obviously without merit in light of the trial court's advising defendant prior to acceptance of the plea that defendant was entitled to trial by his peers.

Some of the difficulty in assessing the validity of defendant's allegations on appeal centers upon the fact that defendant failed to request post-conviction

relief by a motion to vacate his plea and to proceed to trial. Had such a motion been filed, the record before us would have been considerably more enlightening. The record as it presently exists consists of the transcript of the acceptance of the plea and the unsworn allegations of defendant through his brief on appeal. In such cases, we think the appropriate procedural route is to affirm the matter without prejudice and permit defendant to file a motion with the lower court where his allegations may be tested. This procedure was considered and approved in *People* v. *Dorner* (1970), 24 Mich App 306. Therefore, we affirm, without prejudice to defendant to file a motion to vacate the plea and to proceed to trial in the lower court.[1] We do not retain jurisdiction of this matter.

Affirmed without prejudice.

[1] The criminal appellate bar should not be deceived by the above language into thinking that guilty plea appeals can be carried directly to this Court without the customary post-conviction motions. The hearings pursuant to these motions furnish the appellate court with crucial information as to the validity of the plea. Testimony at these hearings and affidavits in support of the motions carry substantially more persuasive weight with this Court than does the current epidemic of unsworn allegations.