PEOPLE v KUCHULAN

1. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—JURY TRIAL—CONFRONTATION OF ACCUSERS—SELF-INCRIMINATION—WAIVER—COURT RULES—APPEAL AND ERROR.

A decision of the Michigan Supreme Court held it reversible error to accept a plea of guilty without first informing the defendant "of each and all of the three constitutional rights [—trial by jury, to confront one's accusers, and the privilege against self-incrimination—] he waives on pleading guilty" and subsequently this holding was codified in a court rule; the provisions of the court rule are "mandatory and failure to comply therewith constitutes reversible error" (GCR 1963, 785.7[1], 785.7[5]).

2. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—JURY TRIAL—CONFRONTATION OF ACCUSERS—SELF-INCRIMINATION—WAIVER—APPEAL AND ERROR—COURT RULES—RETROACTIVE APPLICATION.

The rule in a case that it is reversible error to accept a plea of guilty without first informing the defendant "of each and all of the three constitutional rights [—trial by jury, to confront one's accusers, and the privilege against self-incrimination—] he waives on pleading guilty" does not apply to pleas of guilty during the course of trial before June 1, 1973, the effective date of an amended court rule regarding criminal procedure (GCR 1963, 785.3–785.11).

3. CRIMINAL LAW—PLEA OF GUILTY—JURY TRIAL—CONFRONTATION OF ACCUSERS—SELF-INCRIMINATION—SUPREME COURT—CONSTITUTIONAL LAW.

Whether to require that information concerning trial by jury, to confront one's accusers, and the privilege against self-incrimination be imparted as a precondition to the acceptance of a plea of guilty is a question of policy for the Michigan Supreme

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 342.
[4] 20 Am Jur 2d, Courts §§ 183–203.
[5] 21 Am Jur 2d, Criminal Law §§ 452–456.
[6, 7] 21 Am Jur 2d, Criminal Law § 504 *et seq.*

Court to decide, and not one of Federal constitutional law; a judge should be obliged to so inform a defendant pleading guilty.

4. Courts—Stare Decisis—Supreme Court.

Under the doctrine of stare decisis, the individual Justices of the Michigan Supreme Court, just as the other members of the profession, are bound by its decisions until a majority of the Court adopts a different view.

5. Criminal Law—Plea of Guilty—Arraignment—Trial—Court Rules.

There is a significant difference between a plea of guilty offered at arraignment or at a similar relatively summary hearing and a plea of guilty offered after the empaneling of a jury and the taking of testimony, in terms of the safeguards that should be erected against improvident pleas of guilty; however, this Court did not choose to make this distinction in the application of an amended court rule regarding criminal procedure which applies without regard to whether the plea is offered during the course of a trial or before a trial (GCR 1963, 785.3–785.11).

6. Criminal Law—Plea of Guilty—Vacation of Plea.

Vacation of a plea of guilty is not justified where the record shows that it was a well-advised, knowing plea of guilty.

7. Criminal Law—Plea of Guilty—Vacation of Plea—Truth of Plea—Evidence.

Failure to establish by direct questioning of defendant the crime and his participation in its commission does not require vacation of his plea of guilty during the course of the trial since the already presented people's evidence clearly established defendant's participation and permitted the judge to make a "reasonable ascertainment of the truth of the plea".

Appeal from Court of Appeals, Division 1, Lesinski, P. J., and J. H. Gillis and Targonski, JJ., denying application for leave to appeal from Wayne, Richard M. Maher, J. Submitted October 4, 1973. (No. 14 October Term 1973, Docket No. 54,506.) Decided December 18, 1973.

John Kuchulan was convicted, on his plea of guilty, of aiding and abetting in the placing of an injurious substance with intent to destroy the

property of another. Defendant's application for delayed appeal denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *John . B. Phelps),* for defendant on appeal.

LEVIN, J. In *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), this Court held it reversible error to accept a guilty plea without first informing the defendant "of each and all of the three constitutional rights [—trial by jury, to confront one's accusers, the privilege against self-incrimination—] he waives on pleading guilty".

Subsequently, this holding was codified in a court rule; the provisions of the court rule are "mandatory and failure to comply therewith constitutes reversible error". GCR 1963, 785.7(1), (5).

*People v McMillan,* 389 Mich 114; 204 NW2d 682 (1973), limited *Jaworski* to pleas taken after[1] June 2, 1969.

The question presented is whether the *Jaworski* rule applies to pleas of guilty during the course of a trial before the effective date, June 1, 1973, of amended rule 785.3–785.11. We hold that it does not.

A large number of courts have concluded that Justice Douglas' statement in *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969),

---

[1] Or perhaps "on and after".

should not be read as imposing on the state or Federal courts as an absolute imperative in every case a requirement that a defendant be informed before he pleads guilty of the three constitutional rights mentioned in Justice Douglas' opinion.[2] We agree with that reading of *Boykin.*

Whether to require that this information be imparted as a precondition to the acceptance of a plea of guilty is a question of policy for this Court to decide, and not one of Federal constitutional law. We agree that a judge should be obliged to so inform a defendant pleading guilty as attested by our votes to adopt amended rule 785.3–785.11. We also accept the authority of *Jaworski* under the doctrine of stare decisis; the individual Justices of this Court, just as the other members of the profession, are bound by its decisions until a majority of the Court adopts a different view.

The rule of a case is, however, frequently less expansive than the reasoning and generalizations in the opinion of the Court. *Jaworski,* like most cases, was decided in the context of the facts of that case.

In terms of the safeguards that should be erected against improvident pleas of guilty, we see a significant difference between a plea of guilty offered at arraignment or at a similar relatively summary hearing and a plea of guilty offered after the empaneling of a jury and the taking of testimony. While this Court did not choose to make this distinction in the application of amended rule 785.3–785.11—which applies without regard to

---

[2] *Stinson v Turner,* 473 F2d 913, 915–916 (CA 10, 1973); *Wade v Coiner,* 468 F2d 1059 (CA 4, 1972); *United States v Frontero,* 452 F2d 406, 415 (CA 5, 1971); *State v Turner,* 186 Neb 424; 183 NW2d 763, 765 (1971); *Commonwealth v Morrow,* — Mass —; 296 NE2d 468, 472–473 (1973); *Merrill v State,* — SD —; 206 NW2d 828, 831 (1973).

whether the plea is offered during the course of a trial or before a trial—such a distinction may nevertheless properly be drawn, especially as to pleas taken before this Court reversed the Court of Appeals in *Jaworski*.[3]

The record shows that this was a well-advised, knowing plea of guilty and that vacation of the plea is not justified. There is no need to extend *Jaworski's* per se rule to pre-*Jaworski*, pre-amended rule 785.3—785.11 cases. In a case where the record less clearly establishes that the plea was not improvident, the Court of Appeals and we can, in application of the essentially subjective approach we would follow in dealing with the relatively few cases that fall into this category, vacate the plea and order the case set for immediate trial.

Nothing is certain in this life, but I am more convinced than I am likely to be about most things that come before us, that the defendant Kuchulan would not have changed his mind about pleading guilty if the judge had told him before accepting his plea that he would not be obliged to testify if he chose to proceed with the trial.

If the trial had continued, unless Kuchulan testified and offered a very good explanation for his presence near the place where his codefendant was found by the police attempting to cut open a safe with an acetylene torch, he was bound to be convicted. Informing Kuchulan of his right to remain silent in the face of the clear evidence of his guilt could not have been viewed by him, apparently a rational man, as a ray of hope.

The failure to establish by direct questioning of

---

[3] Kuchulan pled guilty on January 6, 1970. *Jaworski* was decided by the Court of Appeals on July 29, 1970 and by this Court on March 9, 1972.

Kuchulan the crime[4] and his participation in its commission does not require vacation of his plea of guilty since the already presented people's evidence clearly established Kuchulan's participation and permitted the judge to make a "reasonable ascertainment of the truth of the plea". *People v Barrows,* 358 Mich 267, 272; 99 NW2d 347 (1959). See *People v Armstrong,* 390 Mich 693; 213 NW2d 190 (1973). Affirmed.

T. E. BRENNAN and T. G. KAVANAGH, JJ., concurred with LEVIN, J.

T. M. KAVANAGH, C. J., SWAINSON and WILLIAMS, JJ., concurred in the result.

I concur but do not endorse *Jaworski,* M. S. COLEMAN, J.

---

[4] Nor has an issue been made regarding the elements of the "crime" to be established. The people's evidence would amply support a verdict of guilty of the charged offense even if there may be a question regarding the offense to which the defendant pled guilty. Amended rule 785.7(3) reflects the case law in providing that the evidence must "substantially support a finding that defendant is in fact guilty of the charged offense *or* the offense to which he is pleading". *See People v Sylvester Johnson,* 25 Mich App 258; 181 NW2d 425 (1970). *Cf. People v Pickett,* 21 Mich App 246; 175 NW2d 347 (1970).