PEOPLE v WARD

1. ROBBERY—UNARMED ROBBERY—PLEA OF GUILTY—WITNESSES—CON-FRONTATION.

Defendant was fully aware of his right to confront the witnesses against him and knew exactly what he was doing when pleading guilty to a charge of unarmed robbery on the second day of his jury trial for armed robbery; he knew those witnesses would testify and could be cross-examined; he had himself been an eyewitness to the process.

2. ROBBERY—UNARMED ROBBERY—PLEA OF GUILTY—VOLUNTARINESS—VACATION OF PLEA.

Plea of guilty of unarmed robbery entered on the second day of defendant's trial for armed robbery was a well-advised, understandingly and voluntarily offered plea where defendant indicated affirmatively when questioned by the court that (1) he knew of his right to trial by jury (which he waived in writing), (2) he knew that he was waiving his right to a trial by pleading guilty, (3) he understood that he would not have to testify and that no inference against him could be drawn therefrom, and (4) all proofs had to come from the prosecutor and further (5) the prosecution needed to establish guilt beyond a reasonable doubt, (6) he understood the elements of the offense and he admitted them, (7) he knew the maximum sentence was 15 years, and (8) the plea was freely and voluntarily made; when asked whether he was confused as to any point discussed or whether he had been threatened or given any promise of leniency in return for his plea, he replied in the negative; the Michigan Court of Appeals was not justified under the facts of the case in vacating the accepted plea.

Appeal from order of Court of Appeals, Division 2, Danhof, P. J., and Bronson and McGregor, JJ., reversing Wayne, Thomas J. Foley, J. Submitted

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

October 4, 1973. (No. 12 October Term 1973, Docket No. 54,400.) Decided February 14, 1974.

Nathan Ward was convicted, on his plea of guilty, of unarmed robbery. Defendant appealed to the Court of Appeals. Defendant's motion for peremptory reversal granted by the Court of Appeals. The people appeal. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *John B. Phelps),* for defendant on appeal.

M. S. Coleman, J.

## FACTS

Defendant was arrested on a charge of armed robbery. On the second day of his jury trial, March 14, 1972, and after some discussion between defense counsel and the prosecutor, the prosecutor moved to add a count of unarmed robbery. Defendant's attorney informed the court that he had advised his client of his constitutional rights and that the defendant wished to plead guilty.

The count of unarmed robbery was duly added and the court proceeded to question defendant closely. Defendant indicated affirmatively that (1) he knew of his right to trial by jury (which he waived in writing), (2) he knew that he was waiving his right to a trial by pleading guilty, (3) he understood that he would not have to testify and

that no inference against him could be drawn therefrom, and (4) all proofs had to come from the prosecutor and further (5) the prosecution needed to establish guilt beyond a reasonable doubt, (6) he understood the elements of the offense and he admitted them, (7) he knew the maximum sentence was 15 years and (8) the plea was freely and voluntarily made.

When asked whether he was confused as to any point discussed or whether he had been threatened or given any promise of leniency in return for his plea, he replied in the negative.

At the close of the taking of the plea, the court expressed its conviction that defendant had made the plea in a free and voluntary manner with full knowledge of what he was doing and because he was, in fact, guilty.

On September 7, 1972 the Court of Appeals granted defendant's motion for peremptory reversal, set aside the conviction and remanded to the trial court. The sole authority cited was *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

This Court granted leave and ordered that the case be submitted with *People v Armstrong,* 388 Mich 798 and with *People v Kuchulan,* 389 Mich 775. Oral arguments as to all three matters were heard on October 4, 1973.[1]

## ISSUE

Was defendant adequately informed of his right "to be confronted with the witnesses against him"[2] to the end that his plea of guilty was understand-

[1] These opinions were released on December 18, 1973 and are to be found at 390 Mich 693; 213 NW2d 190 (1973), and 390 Mich 701; 213 NW2d 95 (1973).

[2] US Const, Am VI; Const 1963, art 1, § 20.

ingly and voluntarily given after trial was in progress?

## DISCUSSION

The court rule applicable to these proceedings is GCR 1963, 785.3(2) which then read:

"Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

The pertinent statute was MCLA 768.35; MSA 28.1058:

"Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed."

Both in *Jaworski* and *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969) emphasis is placed upon the fact that the defend-

ant must know of a right if he is voluntarily and understandingly to surrender it, no matter how sound the factual basis for the plea might be.[3]

In the case at bar, the trial judge had examined defendant at length. There is no question concerning the adequacy of the direct questioning as to any other right. The only question arises from the fact that the trial judge did not use the precise words "right to be confronted with the witnesses against" you and the defendant did not in so many words say that he waived that right. Defendant insists that there was "no intentional relinquishment of a known right or privilege."[4]

The people claim that defendant was substantially advised by his (1) having confronted the principal witnesses in an exhaustive preliminary examination, (2) having been informed by the circuit judge, "The People would have to prove you guilty beyond a reasonable doubt." (Defendant's attorney also stated, "I have also informed him that in waiving his right to trial by jury, that the jury would have to find him guilty beyond a reasonable doubt and that he did not have to take the stand against himself; that the People would have to prove the case against him.") and (3) having been in the process of trial before pleading guilty.

We will confine this opinion to points (2) and (3).

Viewing the plea-taking as a whole and in context with the progress of the trial, it is unrealistic to find that defendant did not know of his right to confront the witnesses and thereby did not understandingly and voluntarily enter his plea.

[3] *Also see Brady v United States,* 397 US 742; 90 S Ct 1463; 25 L Ed 2d 747 (1970). Similar cases are *McMann v Richardson,* 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970), *Parker v North Carolina,* 397 US 790; 90 S Ct 1458; 25 L Ed 2d 785 (1970) and *Tollett v Henderson,* 411 US 258; 93 S Ct 1602; 36 L Ed 2d 235 (1973).

[4] *Johnson v Zerbst,* 304 US 458; 58 S Ct 1019; 82 L Ed 1461 (1938), *Carnley v Cochran,* 369 US 506; 82 S Ct 884; 8 L Ed 2d 70 (1962).

In essence, the Court has been asked to substitute form for substance, the substance being that a valid plea of guilty has been understandingly and voluntarily given. Although it is doubtful that the trial judge had this Court's *Jaworski* opinion available to him on the fourth day after its signing, his questioning of defendant was extraordinarily thorough and especially so when related to the trial in progress.[5]

One of the two eyewitnesses had already testified against defendant and the second was present to take the stand. Defendant was fully aware of his right to confront the witnesses against him. He knew they would testify and could be cross-examined. He had himself been an eyewitness to the process. We have no reason to doubt that defendant knew exactly what he was doing when pleading guilty to the charge of unarmed robbery.

It is the opinion of this Court that this was a well-advised, understandingly and voluntarily offered plea. The Court of Appeals was not justified under the facts of this case in vacating the accepted plea.

The Court of Appeals is reversed and the trial court is affirmed.

T. M. KAVANAGH C. J., and T. G. KAVANAGH, SWAINSON, and LEVIN, JJ., concurred with M. S. COLEMAN, J.

WILLIAMS, J., concurred in the result.

J. W. FITZGERALD, J., did not sit in this case.

[5] Amended GCR 1963, 785.3–785.11, effective June 1, 1973, requires direct inquiry concerning the defendant's right to confront the witnesses against him whether before or during the course of a trial. This represents a matter of policy not in effect at the time of the subject plea-taking process.