### PEOPLE v MATHIS

CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—CONFRONTATION OF WITNESSES.

A defendant was sufficiently informed of his right to confront witnesses against him prior to his plea of guilty where the trial judge advised the defendant that on trial he would be entitled to the services of an attorney to "examine witnesses" because such common, ordinary language conveys much more understandable meaning than the pronouncement of the right to "confront your accusers"; substantial compliance with precedent cases does not rest on phraseology but rather on the substance of the advice given.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 December 5, 1973, at Lansing. (Docket No. 15677.) Decided March 7, 1974.

Conroy Mathis was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Roy Desmond Delaney,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 333 *et seq.*

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. Defendant was charged with robbery armed, MCLA 750.529; MSA 28.797. He pled guilty to a charge of assault with intent to rob being armed. MCLA 750.89; MSA 28.284. He was sentenced to a term of 15 to 30 years in prison and appeals.

Appellant raised the issue that he was neither informed of nor waived his right to confront witnesses against him. An examination of the record and briefs does not support this conclusion.

This was a negotiated plea to a lesser included offense. The plea taking process should be something more than a word game. The transcript reveals:

*"The Court:* Now, Mr. Mathis, you understand you're considered innocent of the original offense and that [the] presumption of innocence would stay with you if you were to go to trial throughout the trial until and unless a jury or a judge were to find that you were guilty. *You would be entitled to the services of an attorney to represent you at the trial, to advise you, to examine witnesses* and you would not have to take the witness stand at your own trial if you chose not to, but if you didn't testify, neither the judge nor the jury could presume that you were guilty of this offense and the judge would have to tell the jury they could not use that as a circumstance against you because you didn't testify. from the witness stand. They couldn't use that against you in any way, the prosecution would have to establish your guilt without your testimony if they could do so. So, the jury could not in any way presume upon [the] fact that you did not take the witness stand in arriving at their verdict. Now, do you understand what I have explained so far? [Emphasis supplied.]

*"Defendant Mathis:* Yes, sir."

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The plain meaning of this advice to the accused that on trial he would be entitled to the services of an attorney "to examine witnesses" certainly cannot be read to exclude witnesses against him. Such common ordinary everyday language conveys much more understandable meaning than the pronouncement of the right to "confront your accusers".

This is not a silent record from which waiver cannot be presumed as indicated by *Carnley v Cochran*,[1] nor is it, in our view, inconsistent with *Boykin v Alabama*,[2] as that case was construed in *People v Jaworski*.[3]

We write to the simple proposition that substantial compliance with all the foregoing cases does not rest on phraseology but rather on the substance of the advice given.

The complained-of error in sentencing is controlled by *People v McFarlin*, 389 Mich 557; 208 NW2d 504 (1973).

Affirmed.

---

[1] 369 US 506, 516; 82 S Ct 884, 890; 8 L Ed 2d 70, 77 (1962).

[2] 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969).

[3] 387 Mich 21; 194 NW2d 868 (1972).