PEOPLE v HARRIS

CRIMINAL LAW—CONSTITUTIONAL LAW—GUILTY PLEA—CONFRONTA-
TION OF WITNESSES.

A defendant was sufficiently apprised of his constitutional right
to confront his accusers, prior to the acceptance of his guilty
plea, where the defendant was told in substance that he would
be permitted through his counsel "to question each witness
called by the prosecution".

Appeal from Recorder's Court of Detroit, Elvin
L. Davenport, J. Submitted Division 1 April 4,
1974, at Detroit. (Docket No. 18658.) Decided June
27, 1974.

Marvin Harris was convicted of second-degree
murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N.
Bishop,* Assistant Prosecuting Attorney, for the
people.

*Theodore B. Sallen* and *Carl Ziemba,* for defend-
ant.

Before: BASHARA, P. J., and BRONSON and CAR-
LAND,* JJ.

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 484 *et seq.*

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Carland, J. The defendant was charged with first-degree murder in the perpetration or attempt to perpetrate a robbery, MCLA 750.316; MSA 28.548. On December 27, 1972, defendant appeared with counsel and pled guilty to the lesser offense of murder in the second degree, MCLA 750.317; MSA 28.549.

The defendant admitted that on July 21, 1972, he attempted to rob a party store and that during the course of this attempt one Charles Cochran was killed. The plea of guilty was accepted and the defendant sentenced to a term of 15 to 25 years in prison.

On appeal, the only question raised by the defendant is the alleged failure of the trial court to advise him of his rights of confrontation prior to the acceptance of his plea.

Before accepting the defendant's plea, the trial judge advised the defendant as follows:

"Next, entitled, if the trial is tried, to Question each witness called by the Prosecution. This you would not do but assist your lawyer in that process.

\*   \*   \*

"The Court would be required to subpoena witnesses in your behalf."

Was the defendant thereby informed of his constitutional right to confront his accusers? *Boykin v Alabama,* 395 US 238, 243; 89 S Ct 1709, 1712; 23 L Ed 2d 274 (1969).

In *People v D'Argis,* 44 Mich App 186; 205 NW2d 19 (1972), the defendant on appeal claimed the trial court had failed to apprise him of his constitutional right to confront his accusers. Prior to the acceptance of the plea, the court spoke to the defendant as follows:

*"The Court:* You could have this whole battery of

lawyers throughout that trial to advise you and question witnesses for you. They could call witnesses on your behalf and assist you in other ways. Do you understand that?

"*Mr. D'Argis:* Yes your Honor."

In testing this language against the requirements of *Boykin, supra,* the Court said on page 195:

"No mention is specifically made of defendant's right to examine adverse or complaining witnesses. Failure of compliance with the rule regarding warnings to be given the criminally accused has been held grounds to reverse the taking of a guilty plea. *People v Demers,* 2 Mich App 238; 139 NW2d 324 (1966)."

In the instant case the defendant, unlike the defendant in *D'Argis,* was told in substance that he would be permitted through his counsel to question "each witness called by the prosecution". It would seem that he was thereby advised of his right to face his accusers, since only the witnesses called by the prosecution could be classified as accusers. As stated in *People v Ward,* 391 Mich 71; 214 NW2d 831 (1974), we are being asked to substitute form for substance. This we do not propose to do.

*People v Mathis,* 52 Mich App 140; 216 NW2d 467 (1974), succinctly states our finding:

"We write to the simple proposition that substantial compliance with all the foregoing cases does not rest on phraseology but rather on the substance of the advice given."

We affirm.
All concurred.