PEOPLE v SANDERS

1. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—CONFRONTA-
   TION.

   A defendant was substantially advised of his right of confronta-
   tion prior to his plea of guilty when he was advised that he
   could cross-examine any witnesses called to testify at his trial.

2. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—COURT
   RULES—SUBSTANTIAL COMPLIANCE.

   Substantial compliance with the court rule concerning the advice
   of rights to be given a criminal defendant before accepting a
   plea of guilty does not rest on phraseology but rather on the
   substance of the advice given (GCR 1963, 785.7).

3. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—PROMISES OF
   LENIENCY.

   A defendant may be held to his on-the-record statement that no
   promises, inducements, coercion, or other undue influences had
   been offered to him or brought to bear upon him prior to his
   plea of guilty, notwithstanding his later allegations to the
   contrary.

4. CRIMINAL LAW—PLEA OF GUILTY—PROMISES OF LENIENCY—DEFEND-
   ANT'S AFFIDAVIT—SUFFICIENCY OF EVIDENCE.

   A defendant's affidavit supporting his claim that his plea of guilty
   should be set aside because it was the product of an unkept
   promise of leniency made by his attorney is insufficient to
   require the Court of Appeals to remand the case for an eviden-
   tiary hearing on the alleged promise of leniency.

5. CRIMINAL LAW—SENTENCING—MULTIPLE DEFENDANTS—SHARED
   COUNSEL—RESENTENCING.

   A defendant is entitled to assignment of new counsel for resen-
   tencing where the defendant had to share counsel with two
   codefendants at sentencing and the positions of the defendant

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
   29 Am Jur 2d, Evidence §§ 523–596.
[5] 21 Am Jur 2d, Criminal Law § 533 *et seq.*

and his codefendants at the sentencing proceedings were so divergent as to have required their attorney to argue for substantially different penalties, and where the record reveals that the codefendants made statements putting most of the blame on defendant.

Appeal from Berrien, Julian E. Hughes, J. Submitted Division 3 June 6, 1974, at Grand Rapids. (Docket No. 18432.) Decided July 25, 1974.

Oscar L. Sanders was convicted, on his plea of guilty, of conspiracy to commit larceny from the person. Defendant appeals. Conviction affirmed; remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *John Jeffrey Long,* Assistant Prosecuting Attorney, for the people.

*Marshall S. Redman,* Assistant State Appellate Defender, for defendant.

Before: Hᴏʟʙʀᴏᴏᴋ, P. J., and T. M. Bᴜʀɴs and R. L. Sᴍɪᴛʜ,* JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. On June 11, 1973, defendant Oscar L. Sanders was convicted upon his plea of guilty to the crime of conspiracy to commit larceny from a person, MCLA 750.157a; MSA 28.354(1); MCLA 750.357; MSA 28.589. He was sentenced to a term of from six to ten years in prison, and now appeals as of right.

Defendant first contends that the trial court failed to comply with our newly enacted court rule[1] when it informed him of his right to confront

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] GCR 1963, 785.7, effective June 1, 1973, and applicable to defendant's June 11, 1973, plea.

adverse witnesses if he should elect to go to trial rather than plead guilty.

In the course of taking the plea of guilty, the trial court advised the defendant as follows:

> *"The Court:* Further, if we have a trial, you'd have the right to call witnesses to help you and the public would pay for the expense of bringing them in and you'd also have the right to cross-examine any witnesses against you.
>
> *"Defendant:* I understand."

In *People v Butler,* 387 Mich 1; 195 NW2d 268 (1972), our Supreme Court held that what is required is that a defendant must be "substantially advised of each of his rights". We hold that this defendant was substantially advised of his right of confrontation when he was advised that he could cross-examine any witnesses called to testify at his trial. *Jaworski*[2] and *Boykin*[3] do not require a parroted incantation of defendant's constitutional rights. What is required of the trial court is that it convey to the defendant in a way defendant can understand what his rights are so that he can act intelligently as concerns these rights. *People v Chappell,* 44 Mich App 204, 207; 205 NW2d 285 (1972). In this case the trial court employed plain and simple language to fully inform defendant of his right of confrontation which he then knowingly waived. In *People v Mathis,* 52 Mich App 140, 142; 216 NW2d 467 (1974), we said that substantial compliance with *Boykin* and *Jaworski* does not rest on phraseology but rather on the substance of the advice given. This statement is

---

[2] *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

[3] *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969).

equally applicable when we speak of substantial compliance with a court rule. We find no error.

We are aware of *People v D'Argis,* 44 Mich App 186; 205 NW2d 19 (1972), but we feel that the holding in that case should be confined to its facts. We find *People v Chappell, supra,* applicable to our case and supportive of our position. See also *People v Kuchulan,* 390 Mich 701; 213 NW2d 95 (1973); *People v Mathis, supra;* and *People v Ward,* 391 Mich 71; 214 NW2d 831 (1974).

Defendant also claims that his guilty plea should be set aside because it was the product of an unkept promise of leniency made by his attorney. Defendant's claim is supported only by his own affidavit. Defendant alleges that his plea of guilty was given because he was led to believe by his attorney that he would receive a sentence of not more than 1-1/2 to 10 years in prison. However, the record of the plea taking reveals that defendant specifically stated that no one had told him he would receive a lighter sentence if he pled guilty. This Court has long held that when a defendant unequivocally states on the record that no promises, inducements, coercion, or other undue influences have been offered to him or brought to bear upon him, he may be held to his on-the-record denial of such improper pressures, notwithstanding his later allegations to the contrary. *People v Godsey,* 35 Mich App 399; 192 NW2d 674 (1971); *People v Inosencio,* 35 Mich App 236; 192 NW2d 339 (1971); *People v Peterson,* 30 Mich App 215; 185 NW2d 915 (1971); *People v Pledger,* 20 Mich App 314; 174 NW2d 41 (1969); *People v Gant,* 4 Mich App 671; 145 NW2d 381 (1966). Furthermore, we hold that defendant's affidavit, standing by itself, is insufficient to require us to remand this case for an evidentiary hearing on this alleged

promise of leniency. *People v Smith,* 52 Mich App 731; 218 NW2d 151 (1974); *People v Chester Davis,* 41 Mich App 224; 200 NW2d 109 (1972), *lv den,* 388 Mich 781 (1972).

Finally, defendant argues that he was effectively denied counsel at the time of his sentencing. This claim relates to the sentence he received and not his conviction.

Defendant argues that he was prejudiced due to the fact that he had to share one attorney with his three codefendants. Specifically, defendant alleges that two of his codefendants, at the time of their sentencing, charged defendant with being the leader and instigator of the crime.

In *People v Johnson,* 386 Mich 305, 317; 192 NW2d 482 (1971), our Supreme Court, in dealing with this question, stated:

"The defendant should have been represented by his own counsel. A situation in which a single attorney represents two or more defendants easily gives rise to a conflict of interest."

The Court went on to point out that in *Glasser v United States,* 315 US 60; 62 S Ct 457; 86 L Ed 680 (1941), the United States Supreme Court held that when the possibility exists that conflicting interests may arise, two defendants should not be represented by the same attorney. In *People v Dockery,* 20 Mich App 201, 209–210; 173 NW2d 726 (1969), this Court listed a number of criteria to be considered in determining whether a conflicting interest is present when codefendants share the same attorney. Two of the criteria are relevant here: (1) where the case involves "one defendant making an exculpatory statement putting most of the blame on the codefendant", and (2) where at the sentencing hearing there is an indication "that

the positions of the codefendants were so divergent that their attorney would have been forced to argue for substantially different penalties".

We find that the positions of the defendant and his codefendants at the sentencing proceedings were so divergent as to have required their attorney to argue for substantially different penalties. Furthermore, the record reveals that the codefendants made statements putting most of the blame on defendant. Therefore, this case must be remanded for the assignment of new counsel to defendant and for resentencing.

Conviction affirmed; remanded for resentencing.