PEOPLE v. WASHINGTON

1. CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF CRIME.
   The elements of the crime charged need not be explained to a defendant by the court before accepting a plea of guilty.

2. CRIMINAL LAW—PLEA OF GUILTY—PROMISES OF LENIENCY.
   Allegations that certain promises of leniency were made to defendant by police officers in return for a plea of guilty were without merit where the record showed that the trial judge, before accepting defendant's guilty plea, fully advised him that if he pled guilty or was found guilty of the crime charged he would be sent to prison.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 March 10, 1970, at Lansing. (Docket No. 8,118.) Decided May 1, 1970.

Frederick George Washington was convicted, on his plea of guilty, of attempting to obtain property by false pretenses. Defendant appeals. People's motion to affirm granted.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *James K. Miller*, Prosecuting Attorney, and *Wesley J. Nykamp*, Chief Appellate Attorney, for the people.

*Leonard M. Hoffius, Jr.*, for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.
[2] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Before: BRONSON, P. J., and QUINN and DANHOF, JJ.

PER CURIAM. Defendant, Frederick George Washington, pled guilty and was convicted of attempting to obtain property by false pretenses contrary to MCLA § 750.92 (Stat Ann 1962 Rev § 28.287); MCLA § 750.218 (Stat Ann 1962 Rev § 28.415). On appeal he contends that the trial court failed to establish all the required elements of the offense before accepting defendant's guilty plea, and that the trial court erred in its acceptance because of certain promises of leniency which were allegedly made to the defendant. The appellee has filed a motion to affirm pursuant to GCR 1963, 817.5(3).

A review of the plea transcript reveals that defendant's contentions are without merit. It is well established that the elements of the crime charged need not be explained to a defendant by the court before accepting a plea of guilty. *People* v. *Melvin* (1969), 18 Mich App 652. Moreover, in *People* v. *Shaffer* (1966), 4 Mich App 192, this Court held that the claim of defendant to the effect that police officers promised leniency in the sentence if he would plead guilty was without merit where the record showed that the trial court fully advised defendant that if he pled guilty or was found guilty of the crime charged he would be sent to prison. Our examination of the record convinces us that the defendant was fully accorded his rights pursuant to GCR 1963, 785.3(2).

The questions presented here on appeal are unsubstantial and require no argument or formal submission.

The motion to affirm the defendant's conviction is granted.