PEOPLE v CHESTER DAVIS

CRIMINAL LAW—PLEA OF GUILTY.

> A plea of guilty, accepted after defendant has stated to the judge that the plea has not been induced by promises of leniency, is not subject to challenge by an affidavit in which defendant alleges that he made the plea in response to promises of leniency made by his attorney.

Appeal from Recorder's Court of Detroit, John R. Kirwan, J. Submitted Division 1 April 12, 1972, at Detroit. (Docket No. 11668.) Decided May 30, 1972. Leave to appeal denied, 388 Mich 781.

Chester Davis was convicted, on his plea of guilty, of assault with intent to rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *James R. Neuhard,* Assistant Defender, for defendant.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'HARA, J. Defendant pled guilty to the reduced charge of assault with intent to rape. MCLA 750.85; MSA 28.280. He was sentenced to seven to ten years imprisonment. The original charge carries a penalty of any number of years to life.

The trial court's examination of the defendant satisfied every known statutory, court rule and case law requirement thus far established in the plea taking dialogue. Defendant was asked:

"Has anyone made any promises of leniency or any other type promise in order to induce you to plead guilty?"

Defendant's answer was clear and unequivocal.

"No, your Honor."

The trial court had previously inquired:

"Do you understand by pleading guilty at this time you are subjecting yourself to a possible sentence of ten years maximum imprisonment, do you understand that?"
"Yes," answered the defendant.

Defendant now claims that he, in fact, was induced to plead guilty by a promise of leniency by his own attorney.

He filed a motion for a new trial below, supported by two affidavits now part of the record on appeal. The affidavits by him and his brother allege that his trial counsel promised defendant that he would receive a lighter sentence if he entered a guilty plea. The motion for a new trial was denied.

It is difficult to know how a trial judge can protect himself and his record on plea acceptance other than by asking a defendant whether any

inducements or promises have been made to him. If the affidavit of defendant and his brother, standing alone, mandates an "evidentiary hearing", then no plea negotiated or otherwise is inviolate in our state.

On the record before us we decline to disturb the plea as accepted.

We affirm.

All concurred.