PEOPLE v SMITH

1. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—CONFRONTA-
TION OF WITNESSES.

A defendant was substantially advised prior to his plea of guilty
of his constitutional right to confront the witnesses against him
where the defendant was present in the courtroom when the
right of confrontation was explained to his codefendant, where
the defendant stated that he had seen a jury trial before, and
where the defendant was advised that he was entitled to have
his lawyer present, advising and assisting him, throughout the
trial.

2. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—NONJURY
TRIAL.

There was no requirement that a trial judge inform a criminal
defendant of his statutory right to be tried without a jury
before accepting a plea of guilty prior to June 1, 1973, the
effective date of a court rule (GCR 1963, 785.7[1][d][i]).

3. HOMICIDE—SECOND-DEGREE MURDER—PLEA OF GUILTY—FACTUAL
BASIS.

A defendant was not entitled to have his plea of guilty to second-
degree murder set aside on the ground that the trial judge
failed to inform him of the nature of the accusation against
him and failed to establish a factual basis for the plea where
the defendant, faced with a strong case against him on the
charge of first-degree murder, was allowed to plead guilty to
second-degree murder, where the trial judge's questioning of
defendant clearly established, under the felony-murder rule, a

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 527, 702.
Admissibility of plea of guilty at preliminary hearing, 141 ALR
1335.
[2-4] 21 Am Jur 2d, Criminal Law §§ 486-491, 505.
Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof, 97
ALR2d 552.
[4] 53 Am Jur, Trial §§ 781, 786.
[5] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.

factual basis for the crime of first-degree murder, and where the defendant stated on the record that he understood the theory behind his prosecution for this crime.

4. HOMICIDE—SECOND-DEGREE MURDER—PLEA OF GUILTY—PROMISES OF LENIENCY.

The Court of Appeals refuses to set aside a defendant's plea of guilty to second-degree murder on the basis that it was the product of unfulfilled promises of leniency in that the defendant maintained he was led to believe that he would be sentenced to less than life in prison where the defendant specifically stated at the guilty-plea proceeding that no one had told him he would get an easier sentence if he pled guilty, and where a reading of the transcript of the proceeding shows that defendant knew that second-degree murder was a parolable offense and that first-degree murder was not, and that his goal during plea bargaining was to enter a plea to a parolable offense.

5. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—MINIMUM SENTENCE.

There is no requirement that a trial judge inform a defendant who wishes to plead guilty what actual minimum sentence will be imposed upon acceptance of the plea.

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 December 7, 1973, at Detroit. (Docket No. 16115.) Decided April 30, 1974.

Ronald Smith was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*David A. Goldstein,* Assistant State Appellate Defender, for defendant.

Before: V. J. Brennan, P. J., and Quinn and Carland,* JJ.

V. J. Brennan, P. J. Defendant, Ronald Smith, was convicted upon his plea of guilty of the crime of second-degree murder (MCLA 750.317; MSA 28.549) and sentenced to a term of life in prison. Defendant's motion to set aside his guilty plea was denied on December 19, 1972. On this appeal defendant presents several arguments urging this Court to set aside his guilty plea and also seeks a reduction in his sentence.

Defendant first contends that the trial judge failed to inform defendant of his constitutional right to confront the witnesses against him and that this requires the setting aside of his guilty plea. We find no error. In *People v Butler,* 387 Mich 1, 8; 195 NW2d 268 (1972), our Supreme Court held that what is required is that a defendant be "substantially advised of each of his rights". This was done in the case at bar.

In July, 1971, on the day trial was apparently to begin but before a jury had been selected, the trial judge was informed by the prosecutor that he had been approached about the possibility of defendant and his three codefendants entering a plea of guilty. A discussion occurred and defendants were then allowed to plead guilty. Defendant was present in the courtroom when one of his codefendants was advised of the right of confrontation in the following terms:

*"The Court:* Do you understand what would occur if we continue with this trial that is the Prosecutor would call all those witnesses whose names I read and they would testify in open court about whatever they know about this case.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Your attorney would have an opportunity to question those witnesses and to cross-examine them and your attorney would have an opportunity to call witnesses to testify on your behalf, if you wanted to call any witnesses, do you understand that?"

Defendant's plea of guilty followed that of his three codefendants. At the time of his plea, defendant, in addition to being personally advised of his right to trial by jury and of his privilege against self-incrimination, was further personally advised that, in a trial, the prosecution must prove him guilty of the crime charged and that he had the right to have his lawyer present, advising and assisting him, during the course of any trial. Defendant was also informed that he did not have to testify if he didn't want to and that no inference could be drawn from his decision not to testify. He also stated that he had seen a jury trial before. In response to a question by the judge defendant then stated he wished to give up his right to a jury trial and "the other rights that go along with it". He acknowledged that he wished to plead guilty and that he understood that if he did so plead he might go to prison for the rest of his life. He stated that no one told him he had to plead guilty and he also stated that he had discussed the plea with his attorney and his friends. Defendant then related what happened on the day in question and acknowledged that he understood the difference in penalty between first- and second-degree murder. The trial judge then accepted defendant's plea of guilty to the crime of second-degree murder.

The above facts demonstrate to our satisfaction that defendant was "substantially advised" of the rights enumerated in *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). We are not here presuming waiver from a silent record. Defendant was

present in the courtroom when the right of confrontation was explained to his codefendant. He stated that he had seen a jury trial before and was advised that he was entitled to have his lawyer present, advising and assisting him, throughout any trial. Under these circumstances we find no error.

Defendant's additional contention, that his guilty plea must be reversed because the trial judge did not inform him of his right to be tried without a jury, is similarly without merit. On the date of the guilty plea in this case, there was no requirement that the trial judge inform a criminal defendant of this statutory right.[1] *People v Piffer,* 40 Mich App 419; 198 NW2d 907 (1972); *People v Graham,* 39 Mich App 109; 197 NW2d 312 (1972), *leave den,* 388 Mich 758 (1972).

Defendant next alleges that his guilty plea must be set aside because the trial judge failed to inform defendant of the "nature of the accusation" against him and failed to establish a factual basis for the plea. The trial judge's questioning of defendant clearly established, under the felony-murder rule, a factual basis for the crime of first-degree murder and defendant stated on the record that he understood the theory behind his prosecution for this crime. He was then allowed to plead guilty to second-degree murder. He now alleges that this plea must be set aside because he was not informed of the elements of the crime of second-degree murder and because no factual basis was presented which would support a plea of guilty to second-degree murder. We find no error. Defendant, faced with a strong case against him on the charge of first-degree murder, was allowed to plead guilty to second-degree murder. That he

[1] *But see* GCR 1963, 785.7(1)(d)(i) effective on and after June 1, 1973.

did so intelligently and voluntarily is manifest from the record and we are not about to disturb such a plea on the basis now urged. See *People v Collins,* 380 Mich 131; 156 NW2d 566 (1968).

Defendant also contends that his guilty plea should be set aside because it was the product of unfulfilled promises of leniency. Defendant's contention in this regard is supported, as it was in the court below, by defendant's own affidavit. Defendant maintains that his plea of guilty was given because he was led to believe that he would be sentenced to less than life in prison. This contention is contrary to defendant's own assertion at the guilty plea proceeding where he specifically stated that no one had told him he would get an easier sentence if he pled guilty. Furthermore, a reading of the transcript of the guilty plea proceeding shows that defendant knew that second-degree murder was a parolable offense and that first-degree murder was not. Defendant's savvy in these matters leads us to believe that his goal during plea bargaining was to enter a plea to a parolable offense. We therefore refuse to set aside defendant's guilty plea on this basis. *People v Godsey,* 35 Mich App 399; 192 NW2d 674 (1971). Furthermore, we hold that defendant's affidavit, standing alone, is insufficient to require us to remand this case for an evidentiary hearing on this alleged promise of leniency. *People v Chester Davis,* 41 Mich App 224; 200 NW2d 109 (1972), *leave den,* 388 Mich 781 (1972).

Defendant's further contention that he entered his plea of guilty because he was led to believe that by pleading guilty his codefendants would receive lesser sentences is similarly without merit and insufficient to require us to set aside his plea. *People v Doerfer,* 46 Mich App 662; 208 NW2d 521 (1973).

Defendant next contends that his plea of guilty should be vacated because he was not, prior to the acceptance of his plea, advised by the trial judge of the actual minimum sentence he would receive if his guilty plea was accepted. Defendant contends that a plea of guilty cannot be intelligently and voluntarily made by a defendant who does not know the actual minimum sentence which will be imposed upon acceptance of his plea. This contention is without merit. In the case at bar defendant was properly informed by the trial judge that if his plea of guilty was accepted he could be sentenced to any number of years in prison, up to and including life. With this possible range of sentences before him, defendant chose to plead guilty. We have been cited to no case requiring a trial judge to inform a defendant who wishes to plead guilty of what his actual sentence will be if the plea is accepted and find unpersuasive defendant's arguments presented in support thereof. Accordingly, we find defendant's contention in this regard to be without merit.

We have also considered and rejected defendant's contention that his guilty plea should be set aside because he was denied the effective assistance of counsel. The representation and advice defendant received from his attorney was clearly "within the range of competence demanded of attorneys in criminal cases". *McMann v Richardson,* 397 US 759, 771; 90 S Ct 1441, 1449; 25 L Ed 2d 763, 773 (1970). Indeed, despite indications in the pretrial statement that the prosecutor would not accept a reduced plea, defendant's attorney successfully conducted negotiations with the prosecutor which resulted in allowing defendant to so plead. The allegations of defendant in this regard are insufficient to require us to set aside his plea

of guilty because he was denied the effective assistance of counsel or because the voluntariness of his plea was affected thereby.

Defendant's final contentions present to this Court several arguments in support of his position that the appellate courts of this state should establish a procedure allowing for judicial review of sentences. Defendant also argues that the sentence he received should be reduced because it is excessive. The law in the State of Michigan is that when the sentence imposed by the trial court is within the statutory limits, this Court is not free to substitute its judgment for that of the trial judge as to what constitutes the proper sentence for a particular offender. *People v Connor,* 348 Mich 456; 83 NW2d 315 (1957); *People v Means,* 49 Mich App 570; 212 NW2d 288 (1973); *People v Shively,* 45 Mich App 658; 206 NW2d 808 (1973). See *People v Malkowski,* 385 Mich 244; 188 NW2d 559 (1971); *Lane v Department of Corrections, Parole Board,* 383 Mich 50; 173 NW2d 209 (1970). We are not free to depart from this established practice. Defendant's sentence, being within that allowed by law, is not reviewable by this Court.

Affirmed.

All concurred.