PEOPLE v STOMPS #1

CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—UNRECORDED
AGREEMENTS—SEPARATE TRANSCRIPTS.

Defendant's conviction on his own plea of guilty will not be reversed for alleged failure to disclose on the record all the terms of the plea agreement where the defendant acknowledged on the record that no promises of any kind were made to him other than those on the record, and where examination of a transcript of a separate trial on a separate offense which allegedly refers to the unrecorded agreement in this trial fails to disclose any statement which would place in question defendant's earlier assurances that no other promises were made in respect to the plea.

Appeal from Macomb, George R. Deneweth, J. Submitted Division 1 November 14, 1974, at Lansing. (Docket No. 19871.) Decided January 29, 1975.

David Mark Stomps was convicted, on his plea of guilty, of attempted breaking and entering a business place. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Edward J. Mijak,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 485, 487, 492–496.

Enforceability of plea agreement or plea entered pursuant thereto, with prosecuting attorney involving immunity from prosecution for crimes. 43 ALR3d 281.

Before: BRONSON, P. J., and D. E. HOLBROOK and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Defendant, David Mark Stomps, was originally charged with breaking and entering a business place (MCLA 750.110; MSA 28.305). He pled guilty to the added offense of attempted breaking and entering (MCLA 750.92; MSA 28.287 and MCLA 750.110; MSA 28.305) and was sentenced to from three to five years in prison. He now appeals.

Defendant first claims that the record of the guilty plea proceeding does not reflect all of the terms of the plea agreement and that, because of this, his guilty plea must be reversed for failure to comply with GCR 1963, 785.7(2). Defendant's claim in this regard, however, is belied by his own *sworn* testimony at the plea proceeding. At the time of his plea defendant acknowledged that no promises of any kind, other than the promise to drop the original charge of breaking and entering in this case, were made to him with respect to this plea of guilty. Defendant relies on the transcript of his later plea to another, unrelated breaking and entering charge as support for his claim that other promises were made. Our examination of the transcript relied on by defendant fails to disclose any statement made by any person which would place in question defendant's earlier assurances that no other promises were made with respect to the plea in the case at bar. Accordingly, we refuse to reverse defendant's conviction on this ground. See *People v Smith,* 52 Mich App 731; 218 NW2d 151 (1974).

Defendant raises other issues on this appeal which we have considered and find to be without

merit. See *People v Lee,* 391 Mich 618; 218 NW2d
655 (1974), and *People v Smith, supra.*
Conviction affirmed.[1]

---

[1] This case was consolidated and heard together with defendant's
appeal in #19870. We have chosen, however, to issue separate
opinions in each of these cases. Also, a review of our Supreme Court's
recent opinion in *People v Shekoski,* 393 Mich 134; 224 NW2d 656
(1974), as applied to these facts does not require a different holding.