PEOPLE v SCHIRLE

Docket No. 49561. Submitted January 13, 1981, at Detroit.—Decided April 10, 1981.

William J. Schirle was convicted, on his plea of guilty, of armed robbery, Macomb Circuit Court, Edward J. Gallagher, J. Sentencing was twice adjourned, after which defendant sought to withdraw his plea, stating that he had received certain representations from defense counsel regarding his minimum sentence and that he believed that he would not receive the sentence that he anticipated. The trial court refused to allow withdrawal of the plea and imposed a sentence of 3 to 10 years. Defendant appeals. *Held:*

The record suggests that defense counsel probably promised the defendant that the minimum sentence would be 24 months. However, it cannot be ascertained what statements were made to the defendant.

Remanded for a hearing on the issue of whether the defendant reasonably believed that he would receive a minimum sentence of 24 months.

BASHARA, J., concurred in the result only.

1. CRIMINAL LAW — SENTENCING — SENTENCE AGREEMENTS.

The authority to pronounce sentence is within the exclusive province of the judiciary; neither the prosecution nor defense can bind a trial court to a sentence agreement.

2. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEA.

A defendant must be given an opportunity to withdraw his guilty plea where the prosecution has recommended a particular

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 491.5, 527.
[2] 21 Am Jur 2d, Criminal Law §§ 503-506, 510.5.
  Right to Withdraw guilty plea in state criminal proceedings where court refuses to grant concession contemplated in plea bargain. 66 ALR3d 902.
  Withdrawal of plea of guilty or nolo contendere, under Rule 32(d) of Federal Rules of Criminal Procedure. 6 ALR Fed 665.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 485, 505, 510.5.

sentence and the trial court believes it cannot go along with the recommendation.

3. CRIMINAL LAW — GUILTY PLEAS — SETTING ASIDE PLEA.
  An unfulfilled promise or misleading statement to a defendant by defense counsel can be a basis for setting aside a guilty plea.

4. CRIMINAL LAW — GUILTY PLEAS — PROMISES OF LENIENCY.
  Generally, off-the-record promises of leniency supported only by a defendant's post-conviction allegations are not a sufficient basis for reversal of a conviction based on a guilty plea; however, a remand to the trial court for a hearing on the alleged promises of leniency may be ordered where the record contains some support for the assertion that promises of leniency were made.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Joseph G. Wetzel,* Assistant Prosecuting Attorney, for the people.

*Carole A. Murray,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and BRONSON and BASHARA, JJ.

PER CURIAM. On September 18, 1979, defendant pled guilty to armed robbery in contravention of MCL 750.529; MSA 28.797, in the Macomb County Circuit Court. On January 11, 1980, defendant was sentenced to a term of imprisonment from 3 to 10 years. Defendant received credit for 374 days served in jail. He now appeals as of right.

The sole claim on appeal is that the trial court abused its discretion when it failed to allow the defendant to withdraw his guilty plea. Defendant contends that he was told by his attorney that the minimum sentence to be imposed would be 24 months and that he would not have pled guilty but for his understanding of such a minimum sentence.

At the plea-taking, the court acknowledged that it promised to impose no greater than a 10-year maximum. When defendant was asked whether any other promises had been made to him, he answered in the negative.

Sentencing was originally scheduled for October 18, 1979. The plea-taking judge, the Honorable Edward J. Gallagher, was ill and in the hospital on this date. Defense counsel requested an adjournment in the sentencing, stating:

"*Mr. Merigan [defense attorney]:* At this time, being the date of sentencing of Mr. Schirle, I would request an adjournment at this time on behalf of Mr. Schirle, so that Judge Gallagher, who was the trial judge and also the judge that accepted Mr. Schirle's plea, also be the sentencing judge. I believe Judge Gallagher may be familiar with this case and understands the circumstances surrounding the tendering of the plea of guilty, which he finally accepted on the date of the plea. I believe in the best interest of justice and to protect Mr. Schirle's constitutional rights, that Judge Gallagher be the sentencing judge. And I would, therefore, request an adjournment."

The requested adjournment was granted.

On December 19, 1979, the case was again scheduled for sentencing. It was once again adjourned, the trial court stating:

"People versus William Joseph Schirle.

"The same is true of this situation as of Queen. The matter is here this morning for sentencing, and it has been adjourned several times, either by Mr. Landy or Mr. Marsh. Mr. Landy seems to say over the telephone that Marsh took care of it. But, the commitment which Mr. Merigan says that he has from the Prosecutor's office, and I have no reason to doubt it, is unacceptable, so far as this court is concerned. Both Miss Maloney, the probation officer, and I, while there has been no

determination as to what the sentence would be, feel that there has to be some time. And the commitment that Mr. Merigan has would obviate the time, because he has, for one thing, 289 jail days as of October 15th. Under the circumstances, I would ordinarily set aside the plea and set this matter for trial, but I'm going to adjourn the matter over to January 11th, and impose upon Mr. Merigan the duty of contacting either Mr. Marsh or Mr. Landy, whosever responsibility it is, have him get them in here on January 11th, to explain their position. And perhaps we can work something out that will make it not necessary to set it aside. Failing that, the matter will be set aside and Mr. Schirle would go to trial for armed robbery."

On January 11, 1980, defendant, through his attorney, asked to withdraw his plea based on the fact that he would not receive the minimum sentence he anticipated. Defense counsel stated that he had relayed to defendant the contents of certain discussions he had had with the prosecution. Defendant then stated that upon his attorney's representations he believed he would be sentenced to a minimum term of 24 months. The trial judge then indicated that only he had the authority to make sentencing commitments, and proceeded to impose sentence.

The authority to pronounce sentence is within the exclusive province of the judiciary. Neither the prosecution nor defense, separately or in combination, can bind the trial court to a sentence agreement. MCL 769.1; MSA 28.1072, *People v Hagewood,* 88 Mich App 35, 38; 276 NW2d 585 (1979), *People v Mathis,* 92 Mich App 670, 675; 285 NW2d 414 (1979). Where the prosecution recommends the imposition of a particular sentence, however, if the trial court believes it cannot go along with the recommendation, defendant must be given an opportunity to withdraw his plea. *Hagewood, supra,*

37-38, *People v Briggs,* 94 Mich App 723, 726; 290 NW2d 66 (1980), *lv gtd* 408 Mich 958 (1980), *People v Black,* 103 Mich App 109; 302 NW2d 612 (1981).

Despite the foregoing, the voluntariness of a guilty plea may be called into question where defendant argues that he pled guilty due to unfulfilled promises of leniency. The promised leniency need not have been an assurance by the prosecutor, and an unfulfilled promise or misleading statement by defense counsel can be the basis for setting aside a plea. *People v Arnold,* 48 Mich App 22, 30; 209 NW2d 818 (1973).

This Court has generally rejected as a basis for reversal off-the-record promises of leniency supported only by defendant's post-conviction allegations. This is particularly true where, as here, defendant has sworn that no promises other than those on the record were made to him. *Inter alia: People v Gant,* 4 Mich App 671, 675; 145 NW2d 381 (1966), *People v Peterson,* 30 Mich App 215, 217; 185 NW2d 915 (1971), *People v Sanders,* 54 Mich App 541, 544-545; 221 NW2d 243 (1974), *People v Stomps #1,* 58 Mich App 186, 187; 227 NW2d 285 (1975).

On the other hand, this Court has occasionally remanded to the trial court for a hearing on the alleged promises of leniency. This is particularly true where the record contains some support for the notion that promises of leniency have been made. *People v Rogers,* 55 Mich App 491, 493; 223 NW2d 20 (1974), *People v Rodriguez,* 61 Mich App 42, 48-49; 232 NW2d 293 (1975).

In the instant case, the current record suggests it is highly probable that defense counsel promised defendant that the minimum sentence imposed would be 24 months. At the first scheduled sen-

tencing date, defense counsel represented that some sort of in-chambers conference was held with Judge Gallagher involving sentencing. As such, the sentencing was delayed. At the second scheduled sentencing date, Judge Gallagher stated, "But the commitment which Mr. Merigan [defense counsel] says he has from the Prosecutor's office * * * is unacceptable, so far as this court is concerned". While this statement does not reveal what the "commitment" entailed, it is apparent that it involved some form of sentencing consideration for defendant. On the date defendant was actually sentenced, he stated that based on representations made by his attorney he believed he would receive a 24-month minimum sentence. Defense counsel did not affirm or deny that he had led his client to believe this. However, he did ask that defendant be allowed to withdraw his plea based on "[p]revious discussions that had been had between the Prosecutor's office and defense counsel, which were then related to defendant".

It appears from the record before us that either defendant misinterpreted the import of statements made by his counsel and his attorney indicated that he was hopeful of obtaining for defendant a two-year minimum or else that his attorney represented as a certainty that two years would be the minimum sentence. If counsel's statement was just an expression of hope or belief, we wonder what the trial court was referring to when he spoke of the "commitment" represented as having been obtained by defense counsel.

It is a dangerous practice for defense attorneys to inform their clients that they will receive certain sentencing benefits by pleading guilty when, in fact, counsel is in no position to guarantee that the benefits will be received or that the plea may

be withdrawn. See the Code of Professional Responsibility and Canons of Ethics, DR 1-102(a)(4), (5); DR 7-101(A)(3); DR 7-102(A)(5), (7). Unless a defense attorney has obtained a commitment which can be placed on the record at the time of the plea-taking, the practice of assuring a client that certain benefits will be received by virtue of the plea is fraught with danger. Since we are unable to ascertain with any certainty what statements were made to defendant by his attorney, and how these statements were put, we must remand for further proceedings.

Remanded for proceedings consistent with this opinion. Following a hearing on this matter, the trial court should prepare findings of fact on the issue of whether defendant reasonably believed he would receive a minimum sentence of 24 months based on his attorney's statements. We retain jurisdiction. The remand hearing is to take place within 60 days of the release date of this opinion.

BASHARA, J., concurs in the result only.