PEOPLE v WEIR

Docket No. 52777. Submitted October 6, 1981, at Lansing.—Decided
    November 16, 1981.

   Raymond W. Weir pled guilty to unarmed robbery in Lapeer
      Circuit Court. He appealed to the Court of Appeals, alleging
      that his plea was involuntary because his counsel induced the
      plea with a promise of a lenient sentence. The Court of Ap-
      peals, pursuant to the rule set down in *People v Hall,* 399 Mich
      288 (1976), remanded the case to the trial court for an eviden-
      tiary hearing on the defendant's claim. Following a hearing,
      the trial court denied the defendant's motion to withdraw his
      plea, Martin E. Clements, J. The defendant appeals. *Held:*

      The trial court is the proper forum to determine whether the
      defendant's plea was involuntary. The Court of Appeals will
      not substitute its judgment for that of the trial court.

      Affirmed.

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Gᴜɪʟᴛʏ Pʟᴇᴀs — Iɴᴠᴏʟᴜɴᴛᴀʀʏ Pʟᴇᴀs.

   An unfulfilled promise or misleading statement made by a de-
      fense counsel to his client may render involuntary the client's
      subsequent plea of guilty and require the plea to be set aside;
      however, where a defendant states on the record that no
      promises, inducements, coercion, or other undue influences
      have been offered or brought to bear upon him, he will be held
      to his record denial.

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Gᴜɪʟᴛʏ Pʟᴇᴀs — Iɴᴠᴏʟᴜɴᴛᴀʀʏ Pʟᴇᴀs.

   A trial court, and not the Court of Appeals, is the proper forum
      to determine whether a criminal defendant's guilty plea was
      induced by an unfulfilled promise of leniency.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Earl H. Morgan, Jr.,*
Prosecuting Attorney, and *Norman R. Hayes,* Se-

Rᴇғᴇʀᴇɴᴄᴇ ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1, 2] 21 Am Jur 2d, Criminal Law §§ 470, 471.

nior Assistant Prosecuting Attorney, for the people.

*Duckwall, Nowak & Connolly-Poniatowski,* for defendant on appeal.

Before: ALLEN, P.J., and M. J. KELLY and J. J. KELLEY,* JJ.

M. J. KELLY, J. Defendant, Raymond Weir, pled guilty to unarmed robbery, MCL 750.530; MSA 28.798, and was sentenced to from 5 to 15 years imprisonment. Defendant appealed to this Court claiming that his plea was involuntary because his attorney promised a more lenient sentence. We remanded the case to the trial court for an evidentiary hearing on defendant's claim in accordance with *People v Hall,* 399 Mich 288, 291; 249 NW2d 62 (1976). Pursuant to our order, the trial court held a hearing on April 6, 1981, and denied defendant's motion to withdraw his plea. Defendant appeals, claiming that his attorney's promise of a two-year sentence made his plea involuntary.

A guilty plea may be involuntary where unfulfilled promises induce a defendant to plead guilty. *People v Schirle,* 105 Mich App 381, 385; 306 NW2d 520 (1981). An unfulfilled promise or misleading statement by defense counsel can require reversal of defendant's guilty plea. *Id.* Normally, where a defendant states on the record that no promises, inducements, coercion, or other undue influences have been offered to him or brought to bear upon him, he will be held to his record denial. *People v Sanders,* 54 Mich App 541, 544; 221 NW2d 243 (1974), *People v Smith,* 52 Mich App 731, 736; 218 NW2d 151 (1974), *lv den* 394 Mich 757 (1975). In *Hall, supra,* the Supreme

* Circuit judge, sitting on the Court of Appeals by assignment.

Court stated that the trial judge, not the Court of Appeals, should decide if the defendant's plea was induced by an unfulfilled promise of leniency.

At the hearing on April 6, 1981, the defendant testified that one of his trial attorneys told him that if he pled guilty he would receive a two-year sentence. Both his trial attorneys denied making any promise concerning defendant's sentence. The trial court denied defendant's motion to withdraw his plea, and we cannot substitute our judgment for that of the trial court in determining whether the plea was induced by a promise. *Id.*

Affirmed.