PEOPLE v SLEDGE (ON REHEARING)

Docket No. 149730. Submitted November 18, 1992, at Detroit. Decided February 16, 1993, at 9:00 A.M. Submitted on rehearing March 23, 1993. Decided on rehearing June 22, 1993, at 9:30 A.M. Leave to appeal sought.

Cleophus D. Sledge pleaded guilty in the Detroit Recorder's Court, John Patrick O'Brien, J., of armed robbery and was sentenced to ten to twenty-five years' imprisonment. He moved to withdraw the plea, alleging that it was not knowingly, understandingly, or voluntarily made because it was induced by his attorney's promise that the sentence would be no more than three to eight years. The court, following a hearing during which it did not receive testimony or comment about the defendant's allegations, denied the motion. The defendant appealed. The Court of Appeals reversed and remanded for an evidentiary hearing. 198 Mich App 218 (1993). The Court granted rehearing.

On rehearing, the Court of Appeals *held:*

This defendant, who claims that his guilty plea was induced by his attorney's promise that the sentence would be less than that imposed, is entitled to an evidentiary hearing concerning the claim because he has submitted an affidavit that is sufficient in detail with regard to the nature of the promise and the person who made it and has complied with the requirements of MCR 6.311, which governs withdrawal of guilty pleas.

Reversed and remanded for an evidentiary hearing.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Philip X. Walling,* for the defendant on appeal.

ON REHEARING

Before: DOCTOROFF, C.J., and MURPHY and CAV-
ANAGH, JJ.

PER CURIAM. This case is here on rehearing. In
an attempt to clarify our earlier holding, 198 Mich
App 218; 497 NW2d 582 (1993), we offer the follow-
ing opinion.

Defendant, Cleophus D. Sledge, pleaded guilty of
armed robbery, MCL 750.529; MSA 28.797, and
was sentenced to a prison term of ten to twenty-
five years. In this appeal, brought as of right,
defendant contends that he was entitled to an
evidentiary hearing regarding his claim that the
guilty plea was induced by a promise by his attor-
ney that he would receive a lesser sentence than
the one imposed. We agree and remand for an
evidentiary hearing.

According to the record, defendant filed a mo-
tion to withdraw his plea or for an evidentiary
hearing, alleging that his plea was not knowingly,
understandingly, or voluntarily made because he
did not receive the sentence promised by his attor-
ney. In an affidavit attached to the motion, defen-
dant claimed that he pleaded guilty because his
attorney promised him he would be sentenced to
no more than three to eight years. Defendant
further alleged that before sentencing he had writ-
ten his attorney requesting to withdraw his plea,
but that his attorney did not respond until the day
of sentencing, when his attorney told him that it
was too late to withdraw the plea. The trial court
held a brief hearing regarding defendant's motion
and, without receiving testimony or commenting
about defendant's allegations, denied his motion.

As early as 1961, our Supreme Court expressed

its concern with guilty pleas unlawfully induced. See *In re Valle,* 364 Mich 471; 110 NW2d 673 (1961). In such a situation, if the evidence established that the plea was induced by an unfulfilled promise of leniency by a prosecutor or a judge, the plea could be withdrawn. *Id.* at 477-478. The Court went on to explain, in *People v Taylor,* 383 Mich 338, 359; 175 NW2d 715 (1970), that the question "[w]hether or not a plea of guilty was offered voluntarily [was] a question of fact." The Court also has stated that remanding for an evidentiary hearing may be warranted where no record has been made by the trial court. *People v Johnson,* 386 Mich 305, 314; 192 NW2d 482 (1971). Also see the order of the Supreme Court in *People v Westfield,* 406 Mich 957 (1979), vacating the Court of Appeals decision "insofar as it holds that the defendant is not entitled to an evidentiary hearing" and remanding the matter for an "evidentiary hearing on defendant's claim that his plea was induced by a promise from his attorney that he would receive a lesser sentence than he received. *People v Ginther,* 390 Mich 436 [212 NW2d 922] (1973); *People v Hall,* 399 Mich 288, 291 [249 NW2d 62] (1976)."

Not every defendant who requests to withdraw a plea is entitled to do so, however, nor is every defendant entitled to an evidentiary hearing on a motion to withdraw. A defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the court rules that govern guilty pleas unless the defendant has moved to withdraw the plea in the trial court. MCR 6.311(C). Further, the motion must allege some support for the defendant's claim other than the defendant's mere postconviction statement that the plea was induced by a promise of leniency. *People v Schirle,* 105 Mich App 381,

385; 306 NW2d 520 (1981); *People v Rodriguez,* 61 Mich App 42, 48-49; 232 NW2d 293 (1975). To prevail on the motion, "the motion and its supporting affidavits and proofs must satisfy the trial court by a preponderance of credible evidence that the plea was the product of fraud, duress, or coercion." *Taylor, supra* at 361.

This Court's approach has not always been consistent. As did our Supreme Court in *In re Valle,* this Court has held that a defendant may be permitted to withdraw his guilty plea when it is established that the plea was induced by an unfulfilled promise of leniency made by a prosecutor or judge. *People v Walls,* 3 Mich App 279, 282; 142 NW2d 38 (1966). However, this Court also has held that bad advice of defense counsel alone generally is not enough to warrant the withdrawal of a plea. *Id.* at 282-283. Furthermore, when a defendant states on the record that he has not been promised leniency in exchange for his plea, he ordinarily is held to his denial on the record. *People v Weir,* 111 Mich App 360, 361; 314 NW2d 621 (1981); *Schirle, supra* at 385; *People v Serr,* 73 Mich App 19, 28; 250 NW2d 535 (1976); *People v Gant,* 4 Mich App 671, 675; 145 NW2d 381 (1966). There also are cases in which this Court has found a defendant's later allegation of promised leniency meritless where the trial court had advised the defendant of the maximum possible penalty and that the court might impose that penalty. *People v Inosencio,* 35 Mich App 236, 238; 192 NW2d 339 (1971); *People v Washington,* 23 Mich App 638, 639; 179 NW2d 259 (1970).

In contrast, we also have held that, under some circumstances, a defense counsel's promise of leniency may serve as a ground for withdrawal of a guilty plea. *Weir, supra* at 361; *Schirle, supra* at 385. Although, generally, we will reject this as a

basis where the defendant has sworn on the record that no such promise was made, *Weir, supra; Schirle, supra; People v Sanders,* 54 Mich App 541, 544; 221 NW2d 243 (1974); *People v Smith,* 52 Mich App 731, 736; 218 NW2d 151 (1974), a guilty plea may be withdrawn even though the defendant has made such statements on the record if the record contains some support for the defendant's claim, other than the defendant's postconviction allegation. *Schirle, supra; Rodriguez, supra.*

In addition to this authority, we also bear in mind that remand for an evidentiary hearing may sometimes be warranted where no record has been made by the trial court. *Johnson, supra* at 314. Our Supreme Court also has held that the determination whether a defendant's plea was involuntary because it was induced by promises of leniency is a determination to be made by the trial court and that this Court is not to substitute its judgment for that of the trial court. *Hall, supra* at 291. However, in reviewing a trial court's decision to deny a motion to withdraw a guilty plea made after sentencing, we are called upon to decide whether a clear abuse of discretion resulting in manifest injustice has occurred. *People v Jones,* 190 Mich App 509, 512; 476 NW2d 646 (1991). If the absence of a proper record makes it impossible for us to determine whether the trial court abused its discretion in denying a defendant's motion to withdraw a guilty plea, we can remand for an evidentiary hearing. *Schirle, supra* at 385; *Rodriquez, supra* at 48-49; *People v Rogers,* 55 Mich App 491, 493; 223 NW2d 20 (1974).

In this case, the trial court did not state its reasons for denying defendant's motion to withdraw his guilty plea. While this alone could justify remand, we hold that this defendant is entitled to an evidentiary hearing to determine whether rep-

resentations concerning the length of the sentence were made because he has submitted an affidavit sufficient in detail with regard to the nature of the promises and the persons who made them and, also, has complied with the preservation requirements of MCR 6.311.

Reversed and remanded for an evidentiary hearing regarding defendant's motion for the withdrawal of his guilty plea. We do not retain jurisdiction.