*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MONROE PATRICK NUGENT,

Defendant-Appellant.

UNPUBLISHED
December 15, 2022

No. 359099
Saginaw Circuit Court
LC No. 19-046707-FC

Before: SHAPIRO, P.J., and BORRELLO and YATES, JJ.

PER CURIAM.

Defendant, Monroe Patrick Nugent, pleaded no-contest to charges of armed robbery, MCL 750.529, unlawful imprisonment, MCL 750.349b, and unlawful driving away of an automobile, MCL 750.413. He was then sentenced as a fourth-offense habitual offender, MCL 769.12(1)(a), to serve concurrent prison terms of 30 to 50 years for armed robbery, 10 to 15 years for unlawful imprisonment, and 2 to 5 years for unlawful driving away of an automobile. On appeal by leave granted,[1] defendant challenges the denial of his motion to withdraw his pleas and the sentences that he received. We affirm.

## I. FACTUAL BACKGROUND

While on parole for an unrelated incident, defendant went to the home of his aunt, Judy Clevenger, tied up her hands and feet, and gagged her with a t-shirt. Defendant then took her car without her permission and $300 from her wallet. Clevenger testified that, throughout the events, defendant carried a knife, which he waved at her. Defendant admitted he possessed a knife during the incident, but claimed that he just used the knife to cut the cord with which he bound Clevenger and did not use it during the robbery.

---

[1] *People v Nugent*, unpublished order of the Court of Appeals, entered December 9, 2021 (Docket No. 359099).

Defendant was charged with armed robbery, unlawful imprisonment, and unlawful driving away of an automobile. On November 17, 2020, defendant pleaded no contest to all three charges. At the plea hearing, the trial court asked defendant if he wanted to have a conversation with defense counsel or proceed with the plea hearing. Defendant told the trial court that he did not want to talk to defense counsel and that he wanted to proceed with the plea hearing. Defendant acknowledged that he was giving up his right to a trial. Defendant also acknowledged that he was giving up any claim that it was not his own choice to plead no contest. The trial court found that defendant's no-contest pleas were made voluntarily, and so the trial court accepted the pleas.

At the sentencing hearing on January 5, 2021, the trial court noted that there was confusion about which charges carried a 25-year mandatory minimum sentence. The trial court made clear that only the armed-robbery charge had a 25-year mandatory minimum sentence. On the basis of that clarification, defendant stated that he had a problem with his no-contest pleas because, at the time of the plea hearing, he was under the impression he would be facing a mandatory minimum sentence of 25 years if he were found guilty of either unlawful imprisonment or armed robbery. But after learning that the 25-year mandatory minimum only applied to the armed-robbery charge, defendant told the trial court he did not want to proceed with the sentencing hearing and, instead, wanted to go to trial. As a result, the trial court briefly adjourned the sentencing hearing to give defendant and his attorney an opportunity to discuss this development. The trial court also offered to adjourn the sentencing hearing if defendant wished to move to withdraw his no-contest pleas.

After conversing with his attorney, defendant told the trial court that he wanted to proceed with sentencing. Defendant responded affirmatively when the trial court asked him if all of his concerns and questions had been answered by his counsel. Defendant then told the trial court that he had no corrections, additions, or deletions to the presentence investigation report (PSIR) and that it seemed accurate. Advocating for a prison sentence at the upper end of the guidelines range, the prosecutor stated that defendant had "served six prison sentences." The trial court sentenced defendant, as a fourth-offense habitual offender, to 30 to 50 years in prison for armed robbery, 10 to 15 years for unlawful imprisonment, and 2 to 5 years for unlawfully driving away an automobile. The trial court did not credit defendant with any time spent in detention because defendant was on parole at the time he committed the offenses of conviction.

Approximately six months after the sentencing hearing, defendant moved to withdraw his no-contest pleas,[2] arguing that they were coerced. Defendant argued that he should be allowed to withdraw his pleas because his defense attorney did not respond to his numerous attempts to talk about the case. Because of the alleged lack of communication, defendant asserted that he felt his only option was to plead no contest. Additionally, defendant argued that his defense counsel was ineffective for failing to communicate with him before the plea hearing. Defendant also contended that he should be resentenced because his sentences were unreasonably harsh and the prosecutor incorrectly stated at the sentencing hearing that defendant had been to prison six times. Defendant further argued that his defense attorney provided ineffective assistance at sentencing by neglecting

---

[2] The motion is styled as an "Amended Motion to Withdraw Plea and/or for Resentencing." But the lower-court record does not contain a previous motion to withdraw the plea or for resentencing, and the register of actions does not indicate that such a motion was filed.

to object to the inaccurate statement the prosecution made and for providing an allocution that was only two sentences long. Finally, defendant argued that the trial court erred when it did not give him credit for time served in pretrial detention.

On October 18, 2021, the trial court held a hearing on defendant's motion and denied the requests to withdraw his no-contest pleas and for resentencing. The trial court noted that defendant was offered an opportunity to pause the plea hearing to talk with his defense attorney, but he chose instead to continue with the hearing. The trial court found that defendant had ample opportunity to communicate with his defense counsel before proceeding with the no-contest pleas. Moreover, defendant did not express any of the concerns that he later presented in his motion to withdraw the pleas, and he stated under oath that he was making the pleas voluntarily. Addressing the request for resentencing, the trial court noted that it had relied upon the PSIR at the sentencing hearing, so even if the prosecutor made a misstatement about defendant's prior prison experiences, the trial court did not rely upon the misstatement in determining the sentences imposed. Furthermore, the trial court noted that defendant's sentences were not unreasonable because they all were within the guidelines ranges. Finally, the trial court concluded that defendant was properly denied credit for the time he spent in pretrial detention because he was a parolee at the time of the incident that led to his convictions. Defendant then appealed by leave granted.

## II. WITHDRAWAL OF THE NO-CONTEST PLEAS

Defendant argues on appeal that the trial court erred in refusing to let him withdraw his no-contest pleas. He claims that he was coerced into pleading due to the lack of communication from his defense attorney, which prompted defendant to believe that pleading no contest was his only option. Additionally, defendant asserts that the lack of communication from his defense attorney amounted to ineffective assistance. "A trial court's decision on a motion to withdraw a plea is reviewed for an abuse of discretion." *People v Cole*, 491 Mich 325, 329; 817 NW2d 497 (2012). A trial court abuses its discretion only when its decision falls outside the range of reasonable and principled outcomes. See *People v Clark*, 330 Mich App 392, 415; 948 NW2d 604 (2019).

## A. COERCION

A no-contest plea must be made voluntarily. US Const, Am XIV.; Const 1963, art 1, § 17; MCR 6.302(A). A plea may be involuntary if the defense attorney misled the defendant. *People v Weir*, 111 Mich App 360, 361; 314 NW2d 621 (1981).[3] When evaluating the validity of a plea, this Court must consider "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v Alford*, 400 US 25, 31; 91 S Ct 160; 27 L Ed 2d 162 (1970). Ordinarily, "where a defendant states on the record that no promises, inducements, coercion, or other undue influences have been offered to him or brought to bear upon him, he will be held to his record denial." *Weir*, 111 Mich App at 361.

---

[3] Although this Court is not "*strictly required* to follow uncontradicted opinions from this Court decided prior to November 1, 1990," those opinions are "nevertheless considered to be precedent and entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

MCR 6.310(C), which governs motions to withdraw a plea after sentencing, requires that a "defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *People v Blanton*, 317 Mich App 107, 118; 894 NW2d 613 (2016) (quotation marks omitted). In this case, defendant alleges that his defense counsel did not communicate with him "during the entire pretrial period," despite the fact that defendant purportedly wrote letters and had friends send text messages and emails to defense counsel. Defendant claims that this lack of communication forced him to plead no contest because he had no confidence in his attorney. The trial court considered and rejected this argument. Defendant has not identified information that he lacked at the time he entered his no-contest pleas, and he does not allege that defense counsel made any misleading statements. Moreover, defendant does not assert that there were any defects in the plea-taking process. Instead, defendant simply complains of the lack of communication from his defense attorney in the time period leading up to the plea hearing.

The appropriate time to raise concerns about lack of communication was before or during the plea hearing, but defendant instead stated under oath at the plea hearing that he was pleading no contest by his own choice. Defendant should be held to those statements under oath. See *Weir*, 111 Mich App at 361. Because defendant waited until after his sentencing hearing to raise those concerns, the trial court reasonably viewed defendant's claims with suspicion. Thus, we conclude that the trial court did not abuse its discretion when it denied defendant's motion to withdraw his no-contest pleas.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant insists that his defense attorney provided ineffective assistance of counsel at the plea-taking stage of this case. Defendant had the right to the effective assistance of counsel during plea negotiations. *People v White*, 331 Mich App 144, 148; 951 NW2d 106 (2020). In the context of plea negotiations, a claim of ineffective assistance of counsel requires the defendant to " 'show the outcome of the plea process would have been different with competent advice.' " *Id.* at 149. At the plea hearing, ineffective assistance of counsel may occur "where defense counsel failed to explain adequately the nature of the charges or the consequences of the" plea, *People v Corteway*, 212 Mich App 442, 445; 538 NW2d 60 (1995), or "where counsel has failed to discuss possible defenses to the charges to which the defendant is pleading . . . ." *Id.* "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *Id.* at 150 (quotation marks omitted). "This Court reviews for clear error a trial court's findings of fact and reviews de novo questions of constitutional law." *Id.*

Defendant's claim of ineffective assistance of counsel is based on an alleged lack of advice from his attorney, not on inaccurate or bad advice. Accordingly, we must consider whether defense counsel's pre-plea availability and communication fell "within the range of competence demanded of attorneys in criminal cases." *People v Haynes*, 221 Mich App 551, 558; 562 NW2d 241 (1997). Our analysis is hampered by the vague and general nature of defendant's allegations. Even if we accept the allegation that defense counsel failed to respond to defendant for an extended period of time and presume that counsel's failure "fell below an objective standard of reasonableness under prevailing professional norms[,]" *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), defendant has not established that he suffered prejudice as a result. Aside from defendant's general allegation that he lost confidence in his defense attorney, defendant has not demonstrated that there is a reasonable probability that he would have gone to trial if his attorney had communicated with

him more frequently. At the outset of the plea hearing, the trial court asked defendant: "[W]ould you like to proceed at this time or would you like to have another conversation with your attorney to have further discussion?" Defendant responded: "Yes, I heard what you guys said. And, no, I don't need to speak to my attorney." Next, the trial court asked: "It's my understanding that you would like to proceed this afternoon, is that correct?" Defendant tersely responded: "Yes." After that, the plea hearing took place without any further comment or objection from defendant.

Defendant's plea hearing was completely unremarkable, revealing no concerns whatsoever about the voluntariness of defendant's no-contest pleas or dissatisfaction with his defense attorney. Even when defendant did eventually voice a concern at his sentencing hearing about the nature of his sentencing exposure as a result of his no-contest pleas, the trial court afforded defendant time to discuss the matter with his attorney and, after that discussion occurred, defendant clearly stated that he wished to proceed with the sentencing hearing. After the defendant spoke with his attorney during the sentencing hearing, the trial court asked defendant and his counsel: "Sentencing today, or you need time?" Defendant's counsel responded: "Yes, I believe sentencing today." And then the trial court directly asked defendant: "Is that correct, Mr. Nugent?" Defendant answered: "Yes, sir." Thus, there exists no basis in law or fact to set aside defendant's no-contest pleas.

## III. CHALLENGES TO THE SENTENCES

Defendant presents a passel of challenges to the sentences that he received even though his sentences fell within the properly scored sentencing guidelines ranges. Specifically, he argues that his sentences were based upon inaccurate information, they were unreasonably harsh, they did not include credit for the time that he spent in pretrial detention, and they were the result of ineffective assistance of counsel. We shall address these four arguments in turn.

## A. INACCURATE INFORMATION

"When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), citing MCL 769.34(10). Defendant describes as inaccurate information the prosecutor's comment during allocution that defendant had "served six prison sentences." Defendant's characterization of the prosecutor's statement is unavailing for two reasons. First, the prosecutor's statement was accurate. The record establishes that defendant had served six prison sentences, albeit concurrently with one another in some instances. Second, in denying defendant's motion for resentencing on October 18, 2021, the trial court explained that even if the prosecutor's statement could somehow be regarded as inaccurate, "defendant cannot show that the [trial court] relied on such inaccurate arguments or information when in fact it had the PSIR in front of me at the time of sentencing and I would have been fully apprised of all of the accurate sentencing information." For those reasons, we reject defendant's claim that he was sentenced on the basis of inaccurate information.

## B. PROPORTIONALITY

Next, defendant contends that he is entitled to be resentenced because the sentences that he received are unreasonably harsh and disproportionate. In reviewing a sentence for reasonableness, this Court must analyze "whether the trial court abused its discretion by violating the principle of

proportionality, . . . which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (quotation marks and citations omitted). Even if a sentence falls within the applicable sentencing guidelines range, it may be reviewed to determine if it is so grossly disproportionate that it constitutes cruel and unusual punishment in contravention of the Eighth Amendment to the United States Constitution. *People v Posey*, 334 Mich App 338, 358; 964 NW2d 862 (2020), lv gtd 508 Mich 940. But a sentence within the appropriate guidelines range is presumptively proportionate, and a sentence that is proportionate is not cruel or unusual. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). A proportionality challenge in this case is unavailing. Defendant has an extensive record of violent crimes, the crimes that he committed in this case are horrific, and the guidelines range on the lead charge of armed robbery was 135 to 450 months' imprisonment, so the trial court could have sentenced defendant to a longer prison term than defendant received. Under these circumstances, the sentences imposed by the trial court plainly satisfy the principle of proportionality.

## C. CREDIT FOR TIME SERVED

Defendant next asserts that the trial court erred by denying him credit for the time he spent in pretrial detention. As a matter of statutory interpretation, the issue of jail credit is reviewed de novo. See *People v Idziak*, 484 Mich 549, 554; 773 NW2d 616 (2009). Pursuant to MCL 769.11b:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

The sentence of a defendant convicted of felonies committed while on parole begins to run "at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense." MCL 768.7a(2). More specifically, our Supreme Court has held that a parolee cannot receive jail-time credit after a conviction on new criminal charges. *Idziak*, 484 Mich at 562. Here, defendant was arrested on November 6, 2019. Because he was a parolee at the time of the crimes charged in this case, he remained in jail on a parole detainer from the time of his arrest on November 6, 2019, until his sentencing hearing in this case on January 5, 2021. Accordingly, the trial court was bound by our Supreme Court's ruling in *Idziak* to deny defendant credit against his sentences in this case for the time he spent in pretrial detention.

Defendant insists that, because the COVID-19 pandemic lengthened his pretrial detention, he should be granted an exception from the regular operation of statutes and rules that deprive him of credit for the time he spent in jail while this case was pending. He cites two unpublished cases that he alleges establish that some leniency has been shown concerning filing deadlines in response to the COVID-19 pandemic.[4] But those cases do not support the proposition that this Court should

---

[4] In his brief, defendant relies on *People v Witkoski*, unpublished per curiam opinion of the Court of Appeals, issued March 3, 2022 (Docket No. 355299) and *People v Brito-Custodio*, unpublished per curiam opinion of the Court of Appeals, issued November 18, 2021 (Docket No. 354542).

disregard controlling statutes and precedent to award defendant credit for time served that is flatly prohibited by statutes and caselaw. The *Idziak* Court acknowledged that disparities or arbitrariness would result from the Court's interpretation of MCL 769.11b when factors that a given defendant cannot control come into play (e.g., docket congestion, a judge's illness). *Idziak*, 484 Mich at 572-574. Similarly, delays visited upon defendant by the COVID-19 pandemic, to the extent that they occurred,[5] cannot justify a departure from the mandate of MCL 769.11b. Therefore, defendant has failed to demonstrate any entitlement to an award of jail credit against his current prison terms.

## D. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant seeks resentencing based upon alleged ineffective assistance of counsel at the sentencing hearing. Defendant's claim of ineffective assistance of counsel rests on defense counsel's failure to object to the prosecutor's lone statement that defendant had "served six prison sentences" and defense counsel's failure to argue that defendant's lack of access to mental-health medication at the time of the incident was a mitigating factor. Failure to object to the prosecutor's claim about defendant serving six prison sentences would have been futile because that statement was factually accurate. "Counsel is not ineffective for failing to make a futile objection[,]" *People v Chambers*, 277 Mich App 1, 11; 742 NW2d 610 (2007), so the claim of ineffective assistance of counsel based upon the lack of an objection to the prosecutor's statement is meritless.

Whether defense counsel provided constitutionally ineffective assistance at the sentencing hearing by failing to refer to defendant's medical history as a mitigating factor turns upon whether defense counsel's actions were "within the range of competence demanded of attorneys in criminal cases." *Haynes*, 221 Mich App at 558. Notably, defendant failed to provide evidence that he was using, or had been using, prescribed medications. The PSIR specifically noted that defendant had admitted using illegal substances, but he had no prescribed medications. At the sentencing hearing, defendant not only confirmed that his "lawyer went over" the PSIR with him, but also stated that the PSIR "seems to be accurate." Defendant has presented no evidence of his use of prescription medication, nor has he offered any evidence of how his use of prescription medications (or lack thereof) affected him at the time of this incident. Therefore, "defendant has [failed to meet] the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Moreover, because of defendant's failure to provide those details, defendant has failed to establish that there is a reasonable likelihood that the outcome of the sentencing hearing would have been different had defense counsel raised the issue of prescription medications.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Christopher P. Yates

---

[5] Defendant alleges that this case was delayed as a result of the COVID-19 pandemic, but he does not provide any specific facts to support that claim.